IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| JAMES E. SULTON, III<br>POST OFFICE BOX 2763<br>OLYMPIA, WA 98507,<br><br>        Plaintiff,<br>v.<br><br>THE HONORABLE MARY E. PETERS,<br>SECRETARY OF TRANSPORTATION,<br>400 7TH STREET, S.W.<br>WASHINGTON, DC 20590,<br><br>        Defendant. | ) Civil Case No: _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

Plaintiff, James E. Sulton, III, by and through the undersigned counsel, brings this action for monetary relief for illegal race discrimination.

### **Preliminary Statement**

1. Plaintiff brings this action against Defendant, Mary E. Peters, Secretary of the U.S. Department of Transportation (DOT), where the Federal Aviation Administration (FAA) is an Agency of the DOT, for race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Civil Rights Act of 1991, 42 U.S.C. § 1981 and, 42 U.S.C. §1988.

2. On or about November 14, 2006, DOT issued a final agency decision finding that the FAA discriminated against Plaintiff on the basis of his race. The parties have not been able to agree on damages.

1

**Jurisdiction and Venue**

3. This Court has jurisdiction over this action, and venue is proper in this Court, pursuant to 28 USC §§ Sections 1331, 1343, 1391, and 42 USC §§ 2000e and 1981.

**Parties**

4. Plaintiff, James E. Sulton, III, is an African American male and citizen of the United States of America.

5. Defendant, Mary E. Peters, is the Secretary of the United States Department of Transportation (DOT), and is sued in her official capacity. As Secretary, she is responsible for employment practices and procedures. The Federal Aviation Administration (FAA) is an agency within the Department of Transportation. It employs over 500 people.

**Exhaustion of Administrative Remedies**

6. All conditions precedent have been fulfilled. Plaintiff has exhausted his administrative remedies in this matter, entitling him to file a civil action in this Court.

7. Plaintiff timely filed a formal complaint of discrimination, DOT 2005-18301-FAA-01, alleging race discrimination for non-selection as an air traffic controller for a position located in or near Jamaica, New York, and requesting relief and recovery for damages suffered as a result of the FAA's acts which give rise to this suit.

8. This complaint was investigated. The DOT issued a final agency decision finding Plaintiff was discriminated against on the basis of his race.

**Statement of Facts**

9. In 2003, Plaintiff applied for a FAA air traffic controller position based in or near Jamaica, New York.

10. Plaintiff was fully qualified for the position.

11. In 2004, without any justification, good cause or reason, Defendant denied Plaintiff's application for employment, alleging Plaintiff was not suitable for the position because he did not pass a particular selection criterion.

12. First, Plaintiff denied he did not pass this particular selection criterion, and provided Defendant numerous documents so proving.

13. Then, Plaintiff learned at least three white, less qualified applicants for FAA air traffic controller positions were hired who also did not pass the alleged selection criterion at issue.

14. Plaintiff then requested a copy of any FAA policy confirming the actual existence of this alleged selection criterion. No document or other evidence has been produced by Defendant confirming the existence of this alleged selection criterion.

15. On information and belief, FAA does not have a policy finding applicants unsuitable even if they possess the selection criterion at issue.

16. Defendant's proffered reason for non-selection was false, and is a pretext to mask its illegal discriminatory motives.

17. Furthermore, at the time Defendant made its decision not to hire Plaintiff, it had in its possession evidence showing the alleged and non-existent selection criterion at issue did not even apply to Plaintiff.

18. Despite having evidence the alleged and non-existent selection criterion at issue did not apply to Plaintiff, Defendant sent a letter to third parties advising them Plaintiff was unsuitable for hire because of the selection criterion and de-barred for a year from applying for the position of air traffic controller. Effectively, this meant Plaintiff could not ever be hired as an air traffic controller because of the atypical ways in which some of the FAA hiring programs operate.

19. Plaintiff timely filed a formal complaint of unemployment discrimination, and asked FAA to mediate the dispute. Defendant refused to mediate.

20. Plaintiff continued with the administrative process for years, doing his best to reach an amicable resolution of the dispute.

21. In or about early Spring 2006, Plaintiff learned of widely advertised FAA air traffic controller position openings. Plaintiff inquired and was told he could not apply because Defendant said Plaintiff had been de-barred and therefore his name was removed from the eligibility list.

22. During the summer of 2006, Plaintiff informed the FAA he intended to file suit because the dispute had not been resolved.

23. In November 2006, DOT issued a final agency decision finding Plaintiff had been discriminated against on the basis of his race.

24. In May 2007, Plaintiff and DOT were not able to reach an agreement about Plaintiff's damages as a result of the illegal discrimination based upon race.

25. Plaintiff now seeks damages for his losses due to the illegal discriminatory actions of Defendant.

**Count I: Race Discrimination**

26. All foregoing paragraphs are alleged and incorporated herein by reference.

27. The FAA employs more than 15 persons.

28. Plaintiff is African American, and considered a member of a protected class.

29. Plaintiff applied for an air traffic controller position.

30. Plaintiff was fully qualified for the FAA air traffic controller position for which he applied.

31. Less qualified white applicants were hired.

32. Plaintiff was not hired because of his race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq,* the Civil Rights Act of 1991, and 42 USC § 1981.

33. The reasons Defendant gave Plaintiff for not hiring him are a pretext to mask its discriminatory motives, because it had hired three white applicants failing the same alleged and non-existent selection criterion.

34. Defendant's stated reasons for denying Plaintiff's application for employment are a pretext to mask its discriminatory motives.

35. Defendant's actions in not selecting Plaintiff for the position constitutes race discrimination, and is a violation of Title VII of the Civil rights Act of 1964, as amended, the Civil Rights Act of 1991, and 42 USC § 1981.

36. As a result of Defendant's unlawful actions, Plaintiff has lost compensation, lost opportunities for career advancement, lost promotional opportunities, lost developmental assignments and opportunities, suffered harm to his career, suffered harm to his reputation, and lost past, present and future wages, salary, and benefits.  Plaintiff also incurred significant attorneys' fees and costs that were caused by Defendant's unlawful discrimination.

## Request for Relief

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant as follows:

a. Issue a declaratory judgment that Defendant's acts complained of herein have violated Plaintiff's civil rights;

b. Award Plaintiff all types and categories of damages provided by law, including compensatory and punitive damages;

c. Award Plaintiff reasonable attorneys' fees, expert witness fees, and costs incurred in pursuing this action; and

d. Order such other relief as the Court may deem just and proper.

**Jury Demand**

Plaintiff requests a trial by a six-person jury.

Respectfully submitted this 13th day of August 2007.

By: _____/s/_____
Francis H. Koh (DC Bar #486602)
Koh Law Firm, LLC.
11406 Old Georgetown Rd.
N. Bethesda, MD 20852
(301) 881-3600
Counsel for Plaintiff


Anne T. Sulton
Sulton Law Offices
Post Office Box 2763
Olympia, Washington 98507
(360) 870-6000
Counsel for Plaintiff

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
James E. Sulton, III

**DEFENDANTS**
Mary E. Peters

**(b)** County of Residence of First Listed Plaintiff: Thurston
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Washington, DC
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Francis H. Koh, 11406 Old Georgetown Rd., N. Bethesda, MD 20852; (301) 881-3600

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 2000e; 42 USC 1981

Brief description of cause:
employment discrimination based upon race

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 08/13/2007

SIGNATURE OF ATTORNEY OF RECORD: s/Francis H. Koh

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
                                                                                           Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.