# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **JAMES E. SULTON, III,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action No.: 07-1470 (EGS)** |
| | ) | |
| **MARY E. PETERS,** | ) | |
| **Secretary, United States** | ) | |
| **Department of Transportation**, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, TRANSFER VENUE</u>

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, Defendant, Mary E. Peters, Secretary, United States Department of Transportation, respectfully hereby moves to dismiss Plaintiff's Title VII claims and claims pursuant to 42 U.S.C. §§ 1981 and 1988, for improper venue, or alternatively, to transfer those claims to the U.S. District Court for the Southern District of New York. Because it is apparent that all of the actions about which Plaintiff complains occurred at the Federal Aviation Administration' s (FAA) Eastern Regional Office in Jamaica, New York, where Plaintiff applied for the position of FAA air traffic controller, and because the personnel records of the suitability determination made in connection with that decision are also located there, and not in this district, transfer is warranted.

Defendant respectfully refers the Court to the accompanying memorandum of points and authorities in support of this motion and proposed order.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney


_____/s/_____
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739

Counsel for Defendant

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAMES E. SULTON, III,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   **Civil Action No.: 07-1470 (EGS)** |
| | ) |
| **MARY E. PETERS,** | ) |
| **Secretary, United States** | ) |
| **Department of Transportation**, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO DISMISS OR, ALTERNATIVELY, TRANSFER VENUE

Defendant, Mary E. Peters, Secretary, United States Department of Transportation ("DOT"), respectfully moves to dismiss Plaintiff's Title VII claims and claims pursuant to §§ 1981 and 1988 for improper venue, or alternatively, to transfer those claims to the U.S. District Court for the Southern District of New York. Because none of the significant events that form the basis of Plaintiff's lawsuit occurred here, and because none of the relevant personnel files or witnesses are located in this district, transfer is warranted.

## BACKGROUND

In 2003, Plaintiff, James E. Sulton, III, an African-American male, applied for a Federal Aviation Administration ("FAA") air traffic controller position based in or near Jamaica, New York. Compl. ¶¶ 4, 9. In 2004, Defendant denied Plaintiff's application for employment, alleging that Plaintiff was not suitable for the position because he did not pass a particular selection criteria. Id. at ¶ 11. Defendant allegedly sent a letter to third parties advising them that Plaintiff was unsuitable

for hire because of the selection criteria and was debarred for a year from applying for the position of air traffic controller.  Id. at ¶ 18.

Plaintiff timely filed a formal complaint of employment discrimination at the administrative level.  Id. at ¶ 19.  On October 25, 2006, Plaintiff filed a complaint against Defendant and Gloria Quay, FAA Eastern Region Manager of Human Resources, in the U.S. District Court for the Southern District of New York.  Exhibit 1, Pacer Docket, Sulton v. Mineta, et al., 06-cv-11363 (RWS), U.S. District Court for the Southern District of New York and Exhibit 2 Complaint, 06-cv-11363 (RWS) ("NY Compl.").  In November 2006, the DOT issued a final agency decision finding that Plaintiff had been discriminated against on the basis of race.  Compl. at ¶ 23.  As of May 2007, Plaintiff and the DOT were not able to reach an agreement about Plaintiff's damages.  Id. at ¶ 25.

Plaintiff filed his complaint in this Court on August 13, 2007.  Pacer Dkt. #1, U.S. District Court for the District of Columbia, 07-1470 (EGS).  In his complaint, Plaintiff asserts claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and Section 1981, 42 U.S.C. § 1981 for discrimination based on his race.  Compl. ¶¶ 26-36.  He alleges, inter alia, that Defendant's alleged actions have resulted in lost compensation, lost opportunities for career advancement, and harm to his career and reputation.  Id. at ¶ 36.  Plaintiff seeks declaratory judgment, compensatory and punitive damages, attorney's fees and costs. Id., Request for Relief.

## ARGUMENT

## I.    Plaintiff's Claims Should be Dismissed Because Venue is Improper in this District.

### A.    Standard of Review

Plaintiff's claims should be dismissed pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure because this Court is not the proper venue for Plaintiff's suit.  When reviewing a Rule

12(b)(3) motion, "the court accepts plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." Darby v. Dep't of Energy, 231 F. Supp. 2d 274, 276 (D.D.C. 2002); see also Quarles v. General Investment & Dev. Co., 260 F. Supp. 2d 1, 8 (D.D.C. 2003). The Court, however, is not required to accept plaintiff's legal conclusions as true. Darby, 231 F. Supp. 2d at 277. Plaintiff bears the burden of establishing that he has initiated the action in the appropriate forum. See Freeman v. Fallin, 254 F. Supp. 2d 52, 56 (D.D.C. 2003). Defendant may prevail on a motion to dismiss for improper venue by presenting facts sufficient to "defeat" plaintiff's assertion of venue. Darby, 231 F. Supp. 2d at 277.

**B.    Venue for Plaintiff's Title VII and Section 1981 Claims Does Not Lie in this Jurisdiction.**

Generally speaking, venue must be established for each cause of action. Lamont v. Haig, 590 F.2d 1124, 1135 (D.C. Cir. 1978); Hayes v. RCA Service Co., 546 F. Supp. 661, 664 (D.D.C. 1982). Title VII creates a limited waiver of the government's sovereign immunity from suit and stands as a bar to jurisdiction by any federal district court that does not meet its venue provision. Archuleta v. Sullivan, 725 F. Supp. 602, 603-04 (D.D.C. 1989).

The statutory scheme in Title VII has a special venue provision which specifies four bases for venue:

> Such an action may be brought in any judicial district in the State **[1]** in which the unlawful employment practice is alleged to have been committed, **[2]** in the judicial district in which the employment records relevant to such practice are maintained and administered, or **[3]** in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, **but [4] if the respondent is not found within any such district**, such an action may be brought within the judicial district in which the respondent has his principal office.

3

42 U.S.C. § 2000e-5(f)(3) (numbering and emphasis added).  See also Elezovic v. England, No. Civ.A. 03-0131, 2003 WL 22383583, at *1 (D.D.C. Oct. 20, 2003).  Notably, the fourth basis for venue is applicable only in situations where the agency "may not be found within the judicial district that is the locus of the alleged discrimination."  Darby, 231 F. Supp. 2d at 278.  Courts have specifically held that the actions and omissions of an agency's headquarters do not automatically permit venue wherever that principal office is located.  See, e.g., Robinson v. Potter, No. Civ.A. 04-890, 2005 WL 1151429, at *4 (D.D.C. May 16, 2005).  Title VII's specific venue provisions trump the general venue provisions codified at 28 U.S.C. § 1391, and those four criteria are the sole basis on which venue in a Title VII claim may be determined.  See Berenson v. National Fin. Servs., LLC, 319 F. Supp. 2d 1, 3-4 (D.D.C. 2004); Amirmoki v. Abraham, 217 F. Supp. 2d 88, 90 (D.D.C. 2002); Archuleta, 725 F. Supp. at 602.

    A comparison of Title VII's venue provision with Plaintiff's Complaint reveals that venue does not properly lie in this district.  Specifically, Plaintiff applied for a FAA air traffic controller position located in Jamaica, New York, which is where Plaintiff contends that the alleged discrimination occurred.  Second, records pertaining to this matter are not maintained in the District of Columbia but rather they are located the FAA Eastern Region Office located in Jamaica, New York.  Exhibit 3, Declaration of Patricia Healey, November 20, 2007 ("Healey Decl.").  Third, Plaintiff sets forth no facts or assertions that his place of employment, but for the alleged discriminatory act, would have been in Washington, D.C., as opposed to Jamaica, New York.  Indeed, he asserts that the position was "based in or near Jamaica, New York."  Compl. ¶ 9.  Thus, under the venue provisions of Title VII, and for purposes of Plaintiff's discrimination claims, the Southern District of New York is the appropriate jurisdiction for judicial review of Plaintiff's case.

4

Where venue is improperly asserted, as in this case, the Court, pursuant to 28 U.S.C. § 1406(a), should dismiss the complaint.  Stebbins v. State Farm Mut. Auto. Ins. Co., 413 F.2d at 1100, 1102 (D.C. Cir.), *cert. denied*, 396 U.S. 895 (1969).

 None of the allegations of the Complaint alter the conclusion that venue does not properly lie in this district.  Plaintiff's statement of "Jurisdiction and Venue" provides no detail as to the basis of venue for this action but rather only cites venue statutes.  Compl. ¶ 3.  In a Title VII case, "venue cannot lie in the District of Columbia when a 'substantial part, if not all, of the employment practices challenged in th[e] action' took place outside the District."  Darby, 231 F. Supp. 2d at 277.  The clear gravamen of Plaintiff's Complaint are his Title VII claims concerning his non-selection by the FAA Eastern Office in Jamaica, New York.  Plaintiff does not allege that any of the employment records, relevant employment practices and decisions described in his Complaint are maintained in Washington, D.C.   Nearly all of the evidence in this case is located at the FAA's Eastern Region office located in Jamaica, New York.  Healey Decl., *passim*.

 The Complaint says nothing about the location of Defendant's principal office.  However, as reflected in the Lee v. England decision, this fact alone is not sufficient.  Lee v. England, No. Civ.A. 02-2521, 2004 WL 764441, at *1 (D.D.C. Mar. 9, 2004) (Robertson, J.) (noting that plaintiff's assertion "that the defendant Secretary of the Navy has his principal place of business in Washington, D.C. . . . is entirely beside the point, in view of the plain language of [Title VII] that permits venue to be laid where the respondent has his principal office only if the respondent is not found within any of the other districts covered by the statute."); Elezovic, 2003 WL 22383583, at *2 (rejecting argument that venue was proper in this district because defendant's official mailing address was here); Donnell v. National Guard Bureau, 568 F. Supp. 93, 95 (D.D.C. 1983) ("[T]he

principal office of an agency supports venue <u>only if</u> all three prior venue provisions cannot be satisfied in any judicial district.") (emphasis added).  "[M]ere speculation of principal office involvement does not counter the fact that in the plaintiff's complaint, the acts committed occurred in . . . ." New York.  <u>See</u>  <u>Robinson v. Potter</u>, 2005 WL 1151429, at *4.

      Even if certain administrative decisions were made in the District of Columbia, it is clear that these administrative decisions do not form the gravamen of Plaintiff's lawsuit.  Rather, the essence of Plaintiff's Complaint concerns his <i>de novo</i> race discrimination claims that arise from denial of Plaintiff's employment application by a DOT official in Jamaica, New York for a position in the same location.  <u>See</u> Compl. ¶ 11; Healey Decl. (James Sulton applied for the position of Air Traffic Control Specialist with the Federal Aviation Administration in the Eastern Region).  Plaintiff himself has virtually admitted this fact in his earlier Complaint filed (and currently pending) in the Southern District of New York.  <u>See</u> Exhibit 2, Plaintiff's Complaint, 06-11363, ("NY Compl.") ¶ 2 ("A substantial part of the events or omissions giving rise to the claims set forth herein occurred in the Southern District of New York.").  In the New York Complaint, Plaintiff named Gloria Quay, FAA Eastern Region Manager of Human Resources in Jamaica, New York, as a defendant.  NY Compl. ¶ 5.  Plaintiff alleged that Quay denied Plaintiff's application for employment and alleged that he was not suitable for the position because he did not pass a particular selection criterion.  <u>Id.</u> at ¶ 12; Healy Declaration (Gloria Quay, Manager, Human Resources Division, made Sulton's employment suitability determination).  Plaintiff asserted that when Quay decided not to hire him, she possessed evidence showing that the selection criterion at issue did not apply to him.  <u>Id.</u> at ¶ 19.  He also stated that Quay sent a letter to third parties advising them that Plaintiff was unsuitable for hire because of the selection criterion and was debarred for a year from applying for the position

6

of air traffic controller.  <u>Id.</u> at ¶¶ 19, 22. 42.  It is clear that even if decisions regarding Plaintiff's employment were made in the District of Columbia, those are not the decisions that form the gravamen of Plaintiff's complaint.  Rather, the critical alleged acts and decision occurred in Jamaica, New York and were taken by officials located there.

The District of Columbia Circuit Court has held, by virtue of Title VII's venue provision, Congress intended to "limit venue to the judicial districts concerned with the alleged discrimination."  <u>Stebbins</u>, 413 F.2d at 1102; <u>see also</u> <u>Elezovic</u>, 2003 WL 22383583, at *1 ("If the essence of the challenged employment practice occurred in a specific district, then that is the locus of the discriminatory acts and the proper venue under 42 U.S.C. § 2000e-5(f)(3).").  Because the overwhelming majority of the events about which Plaintiff complains occurred outside of this district, venue does not properly lie here.  <u>See</u> <u>Robinson</u>, 2005 WL 1151429, at *4 (rejecting plaintiff's contention that venue lied in this district because "the principal office is concerned with the unlawful practice and ultimately had control of the actions . . . ." where it was clear that the alleged unlawful conduct, the relevant employment records, and where plaintiff would have been employed did not concern this district."); <u>Macklin v. Mirant Mid-Atlantic, L.L.C.</u>, No. Civ.A. 04-1556, 2005 WL 1006005, at *3 (D.D.C. Apr. 29, 2005) (holding that Title VII action would be transferred because, even accepting plaintiff's allegations that actions were taken in the District of Columbia, "when compared to the totality of events that plaintiff does not dispute occurred in Virginia – plaintiff's residence and employment, the allegedly discriminatory treatment from other employees, meetings held regarding plaintiff's status, and decisions made regarding the plaintiff, including the decision to terminate him – the recommendations, advice and reviews that may have occurred in the District of Columbia are insignificant."); <u>Darby</u>, 231 F. Supp. 2d at 277 ("[V]enue

7

cannot lie in the District of Columbia when 'a substantial part, if not all, of the employment practices challenged in this action' took place outside the District, **even when actions taken in the District 'may have had an impact on the plaintiff's situation."**) (quoting Donnell, 568 F. Supp. at 94) (emphasis added); Michels v. Convergent Solutions, No. Civ.A. 89–3165, 1991 WL 84172, at *3 (D.D.C. May 10, 1991) (holding that although plaintiff had serviced clients in the District of Columbia, venue did not properly lie in this district); Donnell, 568 F. Supp. at 94 (granting motion to transfer where, although decisions of individuals located in the District of Columbia "may have had an impact on plaintiff's situation," it was "clear that a substantial part, if not all, of the employment practices challenged in this action were committed in Virginia.").

Furthermore, because Plaintiff's claims under 42 U.S.C. § 1981 are also governed by the special venue provision of Title VII, see James v. Booz-Allen, 227 F. Supp. 2d 16 (D.D.C. 2002); Michels, 1991 WL 84172, at *3 & n.1 ("Title VII's venue provision controls over the general venue statute, 28 U.S.C. § 1391.") (citation omitted); Turbeville v. Casey, 525 F. Supp. 1070 (D.D.C. 1981), these claims must also be dismissed.[1]

## II.    IN THE ALTERNATIVE, THIS CASE SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF NEW YORK.

Alternatively, pursuant to 28 U.S.C. § 1406(a), the Court should transfer Plaintiff's claims to the Southern District of New York. Title 28 of the United States Code, section 1406(a) permits courts to transfer a case to a district in which venue is proper, if the court deems that it would be in the "substantial interest of justice" to transfer the case instead of dismissing it. 28 U.S.C. § 1406(a);

---

[1] Plaintiff's claims pursuant to 42 U.S.C. §§ 1981 and 1988 should also be dismissed since Title VII is the exclusive remedy for claims of employment discrimination by federal agencies. See Prince v. Rice, 453 F.Supp.2d 14 (D.D.C. Sep 18, 2006), citing Brown v. GSA, 425 U.S. 820, 835 (1976); Kizas v. Webster, 707 F.2d 524, 542 (D.C. Cir.1983).

see <u>Varma v. Gutierrez</u>, 421 F. Supp. 2d 110, 115 (D.D.C. 2006). The statutory provision at 28 U.S.C. § 1406(a) provides that when faced with a complaint laying venue in the wrong district, the district court in which it was filed may, in the interest of justice, transfer it to a district in which it could have been brought. If the Court determines not to dismiss this case, it should, in the interests of justice, transfer it to the Southern District of New York because the witnesses and evidence in this case are located there. Healey Decl. ("the evidence gathered in support of the suitability determination" is located in Jamaica, New York). Should this Court deem it appropriate, it may transfer Plaintiff's claims to the Southern District of New York.

## CONCLUSION

WHEREFORE, this Court should grant this motion to dismiss or, alternatively, transfer this

case to the Southern District of New York.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney


_____/s/_____
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorneys
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739

Counsel for Defendant

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this 21st day of November, 2007, I caused the foregoing

**Defendant's Motion to Dismiss Or, Alternatively, Transfer Venue** to be served on Counsel for

the Plaintiff by the Electronic Case Filing system or, if this means fails, then by U.S. mail, postage

prepaid, addressed as follows:

Francis H. Koh
Koh Law Firm, LLC.
11406 Oldgeorgetown Road
North Bethesda, MD 20852

Anne Thomas Sulton, Esq.
SULTON LAW FIRM
P.O. Box 2763
Olympia, WA 98507


_____/s/_____
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorneys
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739

Counsel for Defendant

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JAMES E. SULTON, III,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Civil Action No.: 07-1470 (EGS)** |
| ) | |
| **MARY E. PETERS,** ) | |
| **Secretary, United States** ) | |
| **Department of Transportation**, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

UPON CONSIDERATION of Defendant's motion to dismiss or to transfer, the grounds

stated therefor, any opposition thereto, and the entire record herein, it is on this ___ day of

_____, hereby:

ORDERED that Defendant's motion should be and hereby is GRANTED; and it is

FURTHER ORDERED that this case is hereby TRANSFERRED to the Southern District

of New York / Plaintiff's Complaint is hereby DISMISSED WITH PREJUDICE.


_____
UNITED STATES DISTRICT JUDGE

cc:

Oliver W. McDaniel
Assistant U.S. Attorney
United States Attorney's Office
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530

Francis H. Koh
Koh Law Firm, LLC.
11406 Oldgeorgetown Road
North Bethesda, MD 20852

Anne Thomas Sulton, Esq.
Sulton Law Firm
P.O. Box 2763
Olympia, WA 98507

EXHIBIT 1

Case 1:07-cv-01470-EGS    Document 8-3    Filed 11/21/2007    Page 2 of 3

CLOSED

# U.S. District Court
## United States District Court for the Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:06-cv-11363-RWS

Sulton v. Mineta et al
Assigned to: Judge Robert W. Sweet
Cause: 42:2000e Job Discrimination (Employment)

Date Filed: 10/25/2006
Date Terminated: 07/13/2007
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: U.S. Government
Defendant

**Plaintiff**

**James E. Sulton, III**

represented by **James E. Sulton, III**
Post Office Box 2763
Olympia, WA 98507
PRO SE

V.

**Defendant**

**Secretary Norman Y. Mineta**
*U.S. Department of Transportation*

**Defendant**

**Manager Gloria Quay**
*Federal Aviation Administration,*
*Eastern Region, Human Resource*
*Management Division, AEA-10, U.S.*
*Department of Transportation*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/25/2006 | 1 | COMPLAINT against Norman Y. Mineta, Gloria Quay. (Filing Fee $ 350.00, Receipt Number 590871)Document filed by James E. Sulton, III. (db, ) (Entered: 10/27/2006) |
| 10/25/2006 | | Magistrate Judge Ronald L. Ellis is so designated. (db, ) (Entered: 10/27/2006) |
| 10/25/2006 | | SUMMONS ISSUED as to Norman Y. Mineta, Gloria Quay. (db, ) (Entered: 10/27/2006) |
| 03/20/2007 | 2 | ENDORSED LETTER addressed to Judge Robert W. Sweet from James E. Sulton, III dated 3/5/2007 re: to I request an additional 90 days to serve the summons and complaint upon the defendants, or until June 5,2007. ENDORSEMENT: SO ORDERED. (Signed by Judge Robert W. |

|  |  |  |
|---|---|---|
|  |  | Sweet on 3/14/2007) (jmi) (Entered: 03/22/2007) |
| 07/13/2007 | 3 | ORDER Plaintiff Pro Se filed this action on October 25, 2006 but has failed to serve defendant within 120 days of filing in violation of Rule 4 (m), F.R.C.P. For failure to prosecute, the above-entitled action is hereby dismissed without prejudice. Plaintiff is given an additional thirty days to show cause why the case should be re-opened. (Signed by Judge Robert W. Sweet on 7/10/2007) (jpo) (Entered: 07/16/2007) |
| 08/20/2007 | 4 | MEMO ENDORSEMENT on Request to Re-Open. Endorsement: Treat as motion to be served upon dfts and heard on submissions on 9/5/2007. (Signed by Judge Robert W. Sweet on 8/14/2007) (jar) (Entered: 08/21/2007) |
| 08/27/2007 | 5 | ENDORSED LETTER addressed to Judge Robert W. Sweet from James E. Sulton, III dated 8/17/07 re: plaintiff, having fould representation and re-filed this action in the USDC-District of Columbia requests that [4] Motion to Re-Open be withdrawn. ENDORSEMENT: Application GRANTED. (Signed by Judge Robert W. Sweet on 8/23/07) (db) (Entered: 08/28/2007) |
| 09/13/2007 | 6 | LETTER addressed to Judge Robert W. Sweet from John D. Clopper dated 8/27/07 re: response to plaintiff;s 7/28/07 letter, moving to reopen case. Document filed by Norman Y. Mineta, Gloria Quay.(db) (Entered: 09/14/2007) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/20/2007 18:37:49 | | |
| PACER Login: | ux2332 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:06-cv-11363-RWS |
| Billable Pages: | 1 | Cost: | 0.08 |

EXHIBIT 2

(Rev. 2/5/98) Summons in a Civil Action

# United States District Court

|  SOUTHERN  | **DISTRICT OF** | NEW YORK |

James E. Sulton, III

**v.**

See Attached

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

## 06 CV 11363



**TO:** (Name and address of defendant)

**YOU ARE HEREBY SUMMONED** and required to serve upon **PLAINTIFF'S ATTORNEY** (name and address)

Pro Se James E. Sulton, III
Post Office Box 2763
Olympia, WA  98507

An answer to the complaint which is herewith served upon you, within _____60_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

OCT 2 5 2006

_____          _____
CLERK                                                       DATE

_Marcos Quintero_

_____
(BY) DEPUTY CLERK

NORMAN Y. MINETA,
Secretary,
U.S. Department of Transportation,
400 7th Street, SW,
Washington, DC 20590.

And

GLORIA QUAY,
Manager,
Federal Aviation Administration
Eastern Region
Human Resource Management Division, AEA-10
U.S. Department of Transportation
One Aviation Plaza
Jamaica, New York 11434



05/23/2007 16:11 FAX 2028335085    ABCSO
Case 1:07-cv-01470-EGS    Document 8-4    Filed 11/21/2007    Page 4 of 12
(Rev. 2/5/98) Summons in a Civil Action

## RETURN OF SERVICE

| | Date |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |

| NAME OF SERVER (PRINT) | Title |
|---|---|
| | |

**CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE**

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify) _____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
Date

_____
Signature of Server

_____
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

JAMES E. SULTON, III
Post Office Box 2763
Olympia, WA 98507

      Plaintiff,

v.

NORMAN Y. MINETA,
Secretary,
U.S. Department of Transportation,
400 7th Street, SW,
Washington, DC 20590,

And

GLORIA QUAY,
Manager,
Federal Aviation Administration
Eastern Region
Human Resource Management Division, AEA-10
U.S. Department of Transportation
One Aviation Plaza
Jamaica, New York 11434

      Defendants.

**06 CV 11363**

Action No. _____

---

## COMPLAINT

---

This is an action for monetary relief for illegal race discrimination and

defamation.

### Jurisdiction and Venue

1. This Court has jurisdiction over this action, and venue is proper in this Court,

pursuant to 28 USC §§ Sections 1331, 1343, 1391, and 42 USC §§ 2000e and 1981.

RECEIVED
SEP 01 2006
PRO SE OFFICE

I

2. A substantial part of the events or omissions giving rise to the claims set forth herein occurred in the Southern District of New York.

**Parties**

3. Plaintiff, James E. Sulton, III, is an African American male and citizen of the United States of America.

4. Defendant, Norman Y. Mineta, is the Secretary of the United States Department of Transportation, and is sued in his official capacity. As Secretary, he is responsible for employment practices and procedures. The Federal Aviation Administration (FAA) is an agency within the Department of Transportation. It employs over 500 people.

5. At all times material hereto, Gloria Quay was the FAA Eastern Region Manager of Human Resources in Jamaica, New York. She is sued in both her individual capacity and her official capacity.

**Exhaustion of Administrative Remedies**

6. All conditions precedent have been fulfilled.

7. Plaintiff timely filed a formal complaint of discrimination, DOT 2005-18301-FAA-01, alleging race discrimination for non-selection as an air traffic controller for a position located in or near Jamaica, New York, and requesting relief and recovery for damages suffered as a result of the FAA's acts which give rise to this suit. This complaint was investigated and the FAA issued a report of investigation.

8. Plaintiff timely requested a hearing before the Equal Employment Opportunity Commission (EEOC), EEOC Hearing No. 160-2006-00011X. Plaintiff subsequently withdrew his request for a hearing. The FAA has not issued a Final Decision.

2

9. More than 180 calendar days have passed since Plaintiff filed his formal complaint with the FAA, and no final action has been taken on the complaint. Plaintiff has exhausted his administrative remedies in this matter, entitling him to file a civil action in this Court.

### Statement of Facts

10. In 2003, Plaintiff applied for a FAA air traffic controller position based in or near Jamaica, New York.

11. Plaintiff was fully qualified for the position.

12. In 2004, without any justification, good cause or reason, defendant Gloria Quay denied Plaintiff's application for employment, alleging Plaintiff was not suitable for the position because he did not pass a particular selection criterion.

13. First, Plaintiff denied he did not pass this particular selection criterion, and provided defendant Gloria Quay numerous documents so proving.

14. Then, Plaintiff learned at least three white, less qualified applicants for FAA air traffic controller positions were hired who also did not pass the alleged selection criterion at issue.

15. Plaintiff then requested a copy of any FAA policy confirming the actual existence of this alleged selection criterion. No document or other evidence has been produced by Defendants confirming the existence of this alleged selection criterion.

16. On information and belief, FAA does not have a policy finding applicants unsuitable even if they "fail" the selection criterion at issue, because there is no policy identifying this criterion. It simply does not exist.

3

17. Defendant Gloria Quay's proffered reason for non-selection was false, and is a pretext to mask her illegal discriminatory motives.

18. Furthermore, at the time defendant Gloria Quay made her decision not to hire Plaintiff, she had in her possession evidence showing the alleged and non-existent selection criterion at issue did not even apply to Plaintiff.

19. Despite having evidence the alleged and non-existent selection criterion at issue did not apply to Plaintiff, defendant Gloria Quay sent a letter to third parties advising them Plaintiff was unsuitable for hire because of the selection criterion and de-barred for a year from applying for the position of air traffic controller. Effectively, this meant Plaintiff could never be hired as an air traffic controller because of the atypical or unusual ways in which some of the FAA hiring programs operate.

20. Plaintiff timely filed a formal complaint of employment discrimination based upon race, and asked FAA to mediate the dispute. Defendant Gloria Quay refused to mediate.

21. Plaintiff continued with the administrative process for years, doing his best to reach an amicable resolution of the dispute.

22. In or about early Spring 2006, Plaintiff learned of widely advertised FAA air traffic controller position openings. Plaintiff inquired and was told he could not apply because defendant Gloria Quay said Plaintiff had been de-barred and therefore his name was removed from the eligibility list.

23. During the summer of 2006, Plaintiff informed the FAA he intended to file suit because the dispute had not been resolved.

24. Within a week or so, the FAA offered Plaintiff an air traffic controller position in Pennsylvania.

25. Unfortunately, the firm offer of employment as an FAA air traffic controller came a day or so after Plaintiff had accepted full-time employment in the private sector.

26. Plaintiff declined FAA's offer of employment.

27. Plaintiff now seeks damages for his losses due to the discriminatory and defamatory actions of Defendants.

### Count I: Race Discrimination / Title VII and § 1981

28. All foregoing paragraphs are alleged and incorporated herein by reference.

29. The FAA employs more than 15 persons.

30. Plaintiff is African American, and considered a member of a protected class.

31. Plaintiff applied for a FAA air traffic controller position in or near Jamaica, New York.

32. Plaintiff was fully qualified for the FAA air traffic controller position for which he applied.

33. Less qualified white applicants were hired for FAA air traffic controller positions.

34. Plaintiff was not hired because of his race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*, and 42 USC § 1981.

35. The reasons Defendants gave Plaintiff for not hiring him are a pretext to mask their discriminatory motives, because they had hired three white applicants failing the same alleged and non-existent selection criterion.

36. Defendants' stated reasons for denying Plaintiff's application for employment are a pretext to mask their discriminatory motives.

37. Defendants' actions in not selecting Plaintiff for the position constitutes race discrimination, and is a violation of Title VII of the Civil rights Act of 1964, as amended and 42 USC § 1981.

38. As a result of Defendants' unlawful actions, Plaintiff lost compensation, lost opportunities for career advancement, lost promotional opportunities, lost developmental assignments and opportunities, suffered harm to his career, suffered harm to his reputation, and lost past, present and future wages, salary, and benefits. Plaintiff also incurred significant attorneys' fees and costs that were caused by Defendants' unlawful discrimination.

## Count II: Defamation Against Gloria Quay

39. All foregoing paragraphs are alleged and incorporated herein by reference.

40. Defendant Gloria Quay knowingly made false and defamatory statements of fact about Plaintiff in order to "justify" her completely unreasonable and illegal decision to deny the application of a fully qualified African American applicant on the basis of his race.

41. Defendant Gloria Quay wrote a letter, of and specifically concerning Plaintiff, that she sent to third parties, knowingly falsely alleging completely untrue facts suggesting Plaintiff was unsuitable for an air traffic controller position based upon some alleged but non-existent selection criterion.

42. At the time she sent the letter, Defendant Gloria Quay had in her possession reliable documents confirming Plaintiff passed the alleged but non-existent selection

6

criterion. Yet, undeterred by reality, Defendant Gloria Quay told third parties Plaintiff was not selected because he failed this selection criterion, which actually does not even exist.

43. Plaintiff's professional character and reputation were tarnished and harmed, and continue to be so as employees of the FAA, including Defendant Gloria Quay, repeated the initial defamatory statements against Plaintiff.

44. Defendant Gloria Quay libeled and slandered, and thereby harmed, Plaintiff's professional reputation and work ethics with false statements in her letter to third parties. She did so with actual malice, knowing her statements were false and/or recklessly disregarded the truth or falsity of her statements.

45. Defendant Gloria Quay libeled and slandered, and thereby harmed, Plaintiff's professional reputation and work ethics with false statements in her letter to third parties. She was negligent, failing to act with due care in the situation.

46. Because of Defendant Gloria Quay's false and defamatory statements, Plaintiff was not able to obtain employment as a FAA air traffic controller in 2004, 2005 and when he initially inquired in 2006. As a result of Defendant Gloria Quay's unlawful actions, Plaintiff lost compensation, lost opportunities for career advancement, lost promotional opportunities, lost developmental assignments and opportunities, suffered harm to his career, suffered harm to his reputation, and lost past, present and future wages, salary, and benefits. Plaintiff also incurred significant attorneys' fees and costs that were caused by Defendant Gloria Quay's unlawful conduct.

### Request for Relief

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in favor of Plaintiff and against Defendants as follows:

a. Issue a declaratory judgment that Defendants' acts complained of herein have violated Plaintiff's civil rights;

b. Award Plaintiff all types and categories of damages provided by law, including compensatory and punitive damages, in amounts deemed just by this Court;

c. Award Plaintiff reasonable attorneys' fees, expert witness fees, and costs incurred in pursuing this action; and

d. order such other relief as the Court may deem just and proper.

### Jury Demand

Plaintiff requests a trial by a six-person jury.

Respectfully submitted this 31ˢᵗ day of August 2006.

James E. Sulton, III
Plaintiff

**Mailing Address:**

Post Office Box 2763
Olympia, WA 98507

**Telephone:**

(360) 870-4307

# EXHIBIT 3

UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAMES E. SULTON | * | |
| | * | |
| | * | |
| v. | * | Civil Action No. 07-1470 |
| | * | |
| MARY E. PETERS, | * | |
| Secretary, | * | |
| Department of Transportation. | * | |
| | * | |

## DECLARATION OF PATRICIA HEALEY

I, Patricia Healey, affirm under penalty of perjury the following facts:

I am employed with the Federal Aviation Administration as Director, Human Resource Management Office, Eastern Region, located in Jamaica, New York.

I have been in the position of Director for approximately two years and have been employed with the Federal Aviation Administration for approximately 22 years.

In the year 2004 I was employed with the Federal Aviation Administration as Personnel Services Manager.

While in the position of Personnel Services Manager, I worked on the matter of James Sulton's application for the position of Air Traffic Control Specialist with the Federal Aviation Administration in the Eastern Region.

I am familiar with the matter of Mr. Sulton's employment suitability determination, which was made by Gloria Quay, Manager, Human Resource Management Division.

I am familiar with the evidence gathered in support of the suitability determination, nearly all of which is to be found at the Federal Aviation Administration's Eastern Region office located in Jamaica, New York.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 20, 2007.

Patricia Healey
Director
Human Resource Management Office
Federal Aviation Administration
Eastern Region
Jamaica, New York 11434