UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JAMES E. SULTON, III, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 07-1470 (EGS) |
| MARY E. PETERS,<br>Secretary, United States<br>Department of Transportation, | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY MEMORANDUM FURTHER IN SUPPORT
OF HER MOTION TO DISMISS OR, ALTERNATIVELY, TRANSFER VENUE**

Defendant, Mary E. Peters, Secretary, United States Department of Transportation ("DOT"), through counsel, the United States Attorney for the District of Columbia, respectfully submits this reply memorandum in further support of her motion to dismiss or, alternatively, to transfer Plaintiff's Title VII claims and claims pursuant to 42 U.S.C. §§ 1981 and 1988 to the U.S. District Court for the Southern District of New York (SDNY). Statutory and case authority clearly establish that the Southern District of New York is the proper venue for this case, not the District of Columbia. Notably, Plaintiff originally filed suit in the SDNY and does not now take the position that this was the wrong venue. This fact, together with other concessions made by Plaintiff in his opposition, should lead the Court to conclude that the District of Columbia is not the proper venue.

**ARGUMENT**

**I.     Proper Venue Lies in the SDNY**

Plaintiff has failed to establish that the District of Columbia is the proper venue under 42 U.S.C. § 2000e-5(f)(3) (the venue statute for cases brought under Title VII and § 1981). Plaintiff

bears the burden of establishing that he has initiated the action in the appropriate forum.  See Freeman v. Fallin, 254 F. Supp. 2d 52, 56 (D.D.C. 2003).  He has failed to satisfy this burden and has overlooked or misinterpreted the three designated standards for determining proper venue and the fourth fail-safe venue designation plainly set forth in the statute.  Defendant's evidence and Plaintiff's own admissions firmly establish that proper venue lies in the Southern District of New York.  Plaintiff has failed to establish that proper venue lies in the District of Columbia under any of the bases for venue set forth in 42 U.S.C. § 2000e-5(f)(3).

**A.     The Alleged Unlawful Employment Practice Occurred in the Southern District of New York, not in the District of Columbia.**

Plaintiff maintains that the alleged unlawful employment practice (denial of his application for employment) occurred in the District of Columbia (Plaintiff's Opposition to Defendant's Motion to Dismiss, Or Alternatively to Transfer Venue ("Plff. Opp.") at 11) but this assertion is wholly unsupported and undermined by Plaintiff's own admissions.  Plaintiff admits that "Applications for air traffic controller positions in the FAA's [Federal Aviation Administration's] Eastern Region were routed through the FAA's regional headquarters office in New York City (with a mailing address of One Aviation Plaza, Jamaica, New York 11434)." Plff. Opp. at 4, ¶ 9 (citing Exhibit 12 to Plff. Opp. Sulton Affidavit, ¶ 9).  He also admits that his application was denied by the FAA's Eastern Region office in New York when he states "Congressman Chaka Fattah of Pennsylvania directly contacted FAA's Eastern Region office in New York, asking for reconsideration of the decision to deny Mr. Sulton's application for employment." Plff. Opp. at 6, ¶ 18 (citing Exhibit 6 to Plff. Opp.).

Plaintiff appears to avoid identifying a definitive location where the unlawful employment practice occurred.  See Plff. Opp. at 11 ("The unlawful employment practice occurred in FAA's Eastern Region, which includes Washington, DC.").  He cannot, however, outrun his past

2

admissions by failing to name a specific location. In September 2006, he filed suit against Defendant and FAA employee Gloria Quay, alleging employment discrimination and defamation in the U.S. District Court for the Southern District of New York. Plff. Opp. at 7-8, ¶ 23. At the time, Ms. Quay was the FAA Eastern Region Manager of Human Resources in Jamaica, New York. Exhibit 2 to Defendant's Motion to Dismiss or Transfer ("NY Compl.") at ¶ 5. Plaintiff alleged that Ms. Quay had denied Plaintiff's application for employment and found that he was not suitable for the position because he did not pass a particular selection criterion. Id. at ¶ 12; see also, Exhibit 3 to Defendant's Motion to Dismiss or Transfer, Declaration of Patricia Healey, November 20, 2007 ("Healey Decl.") (Gloria Quay, Manager, Human Resources Division, made Sulton's employment suitability determination). Plaintiff clearly named Ms. Quay as the primary actor in the denial of his application and noted that she was located in Jamaica, New York.

Significantly, Plaintiff does not now deny any of his allegations advanced in his SDNY suit regarding Ms. Quay's employment as Manager of Human Resources in Jamaica, New York, but instead points to immaterial contacts between Defendant and the District of Columbia. When attempting to address the unavoidable question – why did he file, but then not proceed in the SDNY, he only states that he did not serve process in that suit because he had heard that Ms. Quay was suffering from a potentially fatal illness and that he was informed that DOT's Office of Civil Rights was preparing to render a final agency decision. Plff. Opp. at 8, ¶ 24. Neither reason suggests that SDNY venue was improper or that venue in the District of Columbia was proper. The only reasonable conclusion for the Court to reach is that Plaintiff concedes that the alleged unlawful employment practice took place in the SDNY and, accordingly, venue is proper in that district, not in the District of Columbia, under the first prong of 42 U.S.C. § 2000e-5(f)(3).

Plaintiff tries to satisfy the first statutory basis for venue by moving the location of the decision and the decision maker from Jamaica, New York to Washington, D.C. In order to do this, Plaintiff erroneously focuses on events that happened after the alleged unlawful employment practice occurred. Plaintiff attempts to divert the Court's attention from significant events by discussing the participation of the DOT Office of Civil Rights (DOCR) (Washington, D.C.) in ruling on his administrative claim. Plaintiff emphasizes that the agency rendered its final agency decision from its office in the District of Columbia. Plff. Opp. at 8-9, ¶ 27. However, this assertion is immaterial.

Similarly, even though Plaintiff and the FAA sent their damages position statements to the DOCR in Washington, D.C. per DOCR order (Id. at 9, ¶ 29), this submission is irrelevant to any statutory basis for venue in Title VII cases. The alleged unlawful employment practice (denial of Plaintiff's employment application), was allegedly perpetrated by Ms. Quay in New York, and Plaintiff has not alleged otherwise, but rather has admitted this fact, as noted.

Plaintiff somehow confuses the "unlawful employment practice" with the administrative decision about whether the alleged unlawful employment practice was discriminatory. Plaintiff spends considerable effort advancing the position that venue is proper in the District of Columbia because the decision by DOCR as to whether the practice was discriminatory occurred in the District of Columbia. Plaintiff's reasoning is flawed. Since his Title VII complaint is about non-selection, then the location of the non-selection decision is the critical question. See Zughni v. Pena, 851 F.Supp. 300, 302-303 (N.D. Ill. 1994) (locale of MSPB decision is irrelevant to venue decision, versus the location of the unlawful employment practice). Plaintiff cannot establish venue in the District of Columbia merely because of a subsequent decision by DOCR (located in Washington,

D.C.) scrutinizing the propriety of the alleged unlawful employment decision. Donnell v. National Guard Bureau, 568 F. Supp. 93, 94 (D.D.C. 1983) (the actions of agency's personnel and EEO offices in D.C. do not place locus of acts in D.C.); see also Shipkovitz v. Mosbacher, 1991 WL 251864 at 7 (D.D.C. 1991) (agency's processing of EEO complaint in D.C. does not place locus of acts in D.C.). Accord, Darby v. Dep't of Energy, 231 F.Supp.2d 274, 277 (D.D.C. 2002) ("[V]enue cannot lie in the District of Columbia when 'a substantial part, if not all, of the employment practices challenged in this action' took place outside the District, **even when actions taken in the District 'may have had an impact on the plaintiff's situation."**) (quoting Donnell v. National Guard Bureau, 568 F. Supp. at 94) (emphasis added).[1]

After arguing that venue should lie in a place where the decision was reviewed after it was made, Plaintiff notes that the decision maker (Quay) may presently be employed in the District of Columbia. Plaintiff cites a 2007 FAA document that lists Ms. Quay as working in the FAA's headquarters in Washington, D.C. See Plff. Opp. at 8, ¶ 25; page 14. The location of Ms. Quay's present employment is irrelevant to a determination under 42 U.S.C. § 2000e-5(f)(3). The dispositive fact is that Ms. Quay was located in New York when she denied Plaintiff's application.

---

[1] Plaintiff relies on other facts which are also clearly irrelevant to the location of the alleged unlawful employment practice. He states that his attorney sent a letter of complaint on his behalf directly to Marion Blakey, the FAA Administrator in Washington, D.C. Plff. Opp. at 5, ¶ 15. Plaintiff notes that the National Black Coalition of Federal Aviation Employees (NBCFAE) and several Congressmen contacted FAA Administrators in Washington, D.C. Id. at pp. 6-7, ¶¶ 16-19. He alleges that FAA officials in Washington, D.C., including Administrator Blakey, were aware of the denial of Plaintiff's application, his subsequent complaint, and the requests by Congressmen and the FAA employee association. Id. at ¶ 19. At most, these allegations may provide insight into why DOT officials in Washington, D.C. had knowledge of Plaintiff's complaint. However, mere knowledge of the existence of a complaint by an agency's officials who are located in a particular judicial district is insufficient to establish venue under 42 U.S.C. § 2000e-5(f)(3).

In the end, Plaintiff has not shown that the alleged unlawful employment action occurred in the District of Columbia, but rather has effectively conceded that the action occurred in the Southern District of New York. Plaintiff admitted in his prior complaint and in his opposition that his employment application was denied in Jamaica, New York. Accordingly, the record can only support a conclusion that venue does not lie in the District of Columbia under the first basis listed in 42 U.S.C. § 2000e-5(f)(3).

**B.    Employment Records Relevant to the Alleged Unlawful Employment Practice Are Maintained and Administered In New York, Not the District of Columbia.**

Plaintiff also fails to show that venue lies in the District of Columbia under the second basis listed in 42 U.S.C. § 2000e-5(f)(3). Plaintiff argues that his job application records relevant to the challenged practice are maintained and administered in Washington, D.C. Plff. Opp. at pp. 11-12. However, he also admits that his job application records can also be found in the New York offices of the EEOC. Id. at 12. Plaintiff actually has the situation backwards. Although the DOCR in the District of Columbia may have copies of Plaintiff's job application records, Plaintiff does not dispute that the FAA Eastern Region Office in Jamaica, New York (the location of the denial of Plaintiff's application) actually maintains these records. See Exh. 3 to Deft's Motion to Transfer, Healey Decl.

Plaintiff offers no evidence to rebut Defendant's evidence that the records are maintained and administered in Jamaica, New York, only conjecture. Plaintiff assumes that the DOCR maintains and administers the employment records relevant to this case because it used copies of this record to review the decision on Plaintiff's application (made in New York) and presently

possesses those copies. Plff. Opp. at 12. These unsupported assumptions cannot establish venue under the second basis of 42 U.S.C. § 2000e-5(f)(3).[2]

**C.     Plaintiff Would Have Worked in the Southern District of New York, Not the District of Columbia, But For the Alleged Unlawful Employment Practice**

Plaintiff virtually concedes that he cannot establish Washington, D.C. as the location where he would have worked but for the unlawful employment practice. He states "Mr. Sulton cannot say for certain where he would have worked." Plff. Opp. at 13. Furthermore, Plaintiff notes that he made it known that he was interested in working in or near New York City. Id. at 4, ¶ 8 (citing Exhibits 3 and 12 to Plff. Opp.) (Plaintiff "let the FAA know that he wanted to work in or near New York City."). In his Complaint, Plaintiff stated that he applied for a FAA air traffic controller position based in or near Jamaica, New York. Compl. ¶¶ 4, 9.

Consistent with his other arguments, Plaintiff attempts to blur the statutory language of 42 U.S.C. § 2000e-5(f)(3) so as not to run afoul of his prior admissions. Plaintiff asserts that he expressed a preference to work in the FAA's Eastern Region, which includes Washington, D.C. Plff. Opp. at 13. This tangential connection to the District of Columbia does not render venue

---

[2] The location of files relative to Plaintiff's complaint or litigation, rather than his employment itself, cannot provide the basis for venue under Title VII. See Archuleta v. Sullivan, 725 F.Supp. 602, 604-05 (D.D.C. 1989) (the location of copies of some employment records obtained in the litigation of the matter cannot be the basis of venue under Title VII); Washington v. General Elec. Corp., 686 F.Supp. 361, 363 (D.D.C. 1988) (venue is proper in judicial district where "'master set' of employment records" are maintained and administered, regardless of fact that copies may also be on file at the EEOC); Matthews v. TWA, Inc., 478 F. Supp. 1244, 1245-46 (S.D.N.Y. 1979) ("The words 'maintained and administered' suggest more than the processing of an informal or formal charge of discrimination. The words suggest the actual making of the records, their indexing, filing, organization, safekeeping, amendment and supplementation." The location of records related to a claim of discrimination cannot be the basis for venue if they would not have been at the location but for the filing of the complaint.). See also Fields v. Lyng, 1988 WL 49152 (D.D.C. 1988) (the location of some records in the District of Columbia cannot be the basis of venue if the complete set is elsewhere).

proper under the third basis of the venue statute. Plaintiff admitted that the position for which he had applied would have been located in Jamaica, New York. He offers no evidence, however, that he would have worked in the District of Columbia. Plaintiff thus has failed to meet the third statutory basis for proper venue.

**D.     Even Though Defendant Has Her Principal Office in the District of Columbia, Venue Does Not Lie Here Because She Can Be Found In The Judicial District Where the Other Three Bases for Venue Lie (Southern District of New York).**

Despite his past suit filed against Defendant in the Southern District of New York and his other concessions establishing that venue properly lies in that judicial district, Plaintiff asserts that he may sue Defendant in the District of Columbia because Defendant's principal office is located in Washington, D.C. However, Plaintiff cannot avail himself of this venue option unless venue does not lie under any of the three prior statutory bases. See Lee v. England, No. Civ.A. 02-2521, 2004 WL 764441, at *1 (D.D.C. Mar. 9, 2004) (Robertson, J.) (noting that plaintiff's assertion "that the defendant Secretary of the Navy has his principal place of business in Washington, D.C. . . . is entirely beside the point, in view of the plain language of [Title VII] that permits venue to be laid where the respondent has his principal office only if the respondent is not found within any of the other districts covered by the statute."); Donnell, 568 F. Supp. at 95 ("[T]he principal office of an agency supports venue **only if** all three prior venue provisions cannot be satisfied in any judicial district.") (emphasis added). Because Plaintiff has conceded effectively that venue lies in New York under all three of the other statutory bases, he cannot now claim that venue lies in the District of Columbia solely because Defendant's principal office is here. Therefore, Plaintiff does not have the option of establishing venue in the District of Columbia under the fourth, fail-safe basis for venue.

## **CONCLUSION**

WHEREFORE, Defendant submits that the Court should grant her motion to dismiss or, alternatively, transfer this case to the Southern District of New York.

Respectfully submitted,

      /s/  (D. Van Horn)
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

      /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

      /s/
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739 / (202) 514-8780 (Facsimile)

Counsel for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that, on this 30th day of November, 2007, I caused the foregoing **Defendant's Reply Memorandum of Law in Support of Her Motion to Dismiss Or, Alternatively, Transfer Venue** to be served on Counsel for the Plaintiff by the Electronic Case Filing system or, if this means fails, then by U.S. mail, postage prepaid, addressed as follows:

Francis H. Koh
Koh Law Firm, LLC.
11406 Oldgeorgetown Road
North Bethesda, MD 20852

Anne Thomas Sulton, Esq.
SULTON LAW FIRM
P.O. Box 2763
Olympia, WA 98507

　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　OLIVER W. McDANIEL, D.C. Bar #377360
　　　　　　　　　　　　　　　　　　　Assistant United States Attorneys
　　　　　　　　　　　　　　　　　　　Civil Division
　　　　　　　　　　　　　　　　　　　555 4th Street, N.W.
　　　　　　　　　　　　　　　　　　　Washington, D.C. 20530
　　　　　　　　　　　　　　　　　　　(202) 616-0739