UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAMES E. SULTON, III | ) | |
|     Plaintiff, | ) | |
| v. | ) | Case: 1:07-cv-01470-EGS |
| THE HONORABLE MARY E. PETERS, | ) | |
| SECRETARY OF TRANSPORTATION, | ) | |
|     Defendant. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY
TO DEFENDANT'S REPLY MEMORANDUM FURTHER IN SUPPORT
OF HER MOTION TO DISMISS OR, ALTERNATIVELY, TRANSFER VENUE**

Plaintiff James E. Sulton, III, by his attorney Anne T. Sulton, respectfully moves this Honorable Court for permission to file the attached sur-reply to address the new issues raised by Defendant's reply memorandum concerning the third factor of Title VII's specific venue requirement, i.e., "where he would have worked but for the unlawful employment practice".

Dated this 2nd day of December 2007.

/s/Anne T. Sulton
Anne T. Sulton
Appearing Pro Hac Vice

Mailing Address:
Sulton Law Offices
Post Office Box 2763
Olympia, WA 98507
Telephone: (360) 870-6000

Attorney for Plaintiff

1

## CERTIFICATE OF SERVICE

I hereby certify that, on this 2nd day of December, 2007, I caused the foregoing **Plaintiff's Motion to File Sur-Reply** to be served on Counsel for the Defendant by the Electronic Case Filing system.

OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorneys
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739
Counsel for Defendant

/s/Anne T. Sulton
Anne T. Sulton
Appearing Pro Hac Vice

Mailing Address:
Sulton Law Offices
Post Office Box 2763
Olympia, WA  98507
Telephone: (360) 870-6000

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAMES E. SULTON, III | ) | |
|     Plaintiff, | ) | |
| v. | ) | Case: 1:07-cv-01470-EGS |
| THE HONORABLE MARY E. PETERS, | ) | |
| SECRETARY OF TRANSPORTATION, | ) | |
|     Defendant. | ) | |

**PLAINTIFF'S SUR-RELY RE DEFENDANT'S MOTION
TO DISMISS OR, ALTERNATIVELY, TRANSFER VENUE**

Mr. Sulton will agree to transfer of venue to the U.S. District Court for the Southern District of New York, **if** Defendant produces evidence showing, but for Defendant's unlawful employment practice, Mr. Sulton would have worked at John F. Kennedy International Airport (JFK) or LaGuardia Airport (LGA).

**Undisputed Facts:**

1)  Mr. Sulton applied for a FAA air traffic controller position. [Please see Sulton Affidavit, paragraph 6, Docket Entry #9-3.]

2)  Mr. Sulton's name was sent from FAA's central registry in Oklahoma City to FAA's Eastern Region office located at One Aviation Plaza, Jamaica, New York because Mr. Sulton expressed a preference to work in FAA's Eastern Region.  [Please see Sulton Affidavit, paragraph 9, Docket Entry #9-3; Exhibits 1 and 2, attached hereto.]

3

3)      Mr. Sulton informed FAA he wanted to work in or near Jamaica, New York. [Please see Sulton Affidavit, paragraph 8, Docket Entry #9-3.]

4)      Jamaica is a neighborhood in the Borough of Queens in New York City.

5)      JFK and LGA both are located in Queens.

6)      FAA employees Gloria Quay and Susan Bounds told Mr. Sulton he could not work for the FAA anywhere in the entire United States for at least an entire year. [Please see Exhibits 1 and 2 attached hereto.]

7)      Defendant's final agency decision (FAD) says Defendant illegally discriminated against Mr. Sulton on the basis of his race and color when Defendant denied him a job. The FAD concludes Mr. Sulton was denied a position in FAA's Eastern Region. [Please see Docket Entry #9-4, page 4.]

**Argument:**

Mr. Sulton admits he let FAA know he wanted to work at JFK or LGA. However, he knows of no evidence showing his job application specifically was being considered an application for a particular job at JFK or LGA. Mr. Sulton understood his job could be located at any air traffic controller facility in the entire FAA Eastern Region, which includes Washington, DC. [Please see Sulton Affidavit, paragraph 7, Docket Entry #9-3.]

Given the Quay and Bound letters attached hereto, Mr. Sulton understood Defendant's denial of his job application was a total and complete rejection of him for every FAA air traffic controller job throughout the entire United States. [Please see Sulton Affidavit, paragraph 14, Docket Entry #9-3; Exhibits 1 and 2 attached hereto.]

Furthermore, Defendant's FAD discusses Mr. Sulton being denied a position in FAA's Eastern Region. In its conclusion, the FAD does not reference a specific job location in New York City or New York State. [Please see Docket Entry #9-4, page 4.]

Mr. Sulton recognizes he bears the burden of proving he filed this lawsuit in the appropriate venue. Mr. Sulton has produced evidence showing he was denied a job in FAA's Eastern Region, of which Washington, DC is a part.

However, if Defendant produces evidence showing, but for Defendant's unlawful employment practice, Mr. Sulton would have worked at JFK or LGA, both of which are in or near Jamaica, New York, then Mr. Sulton is willing to have this case transferred to the U.S. District Court for the Southern District of New York.

If Defendant is not able to produce evidence showing, but for Defendant's unlawful employment practice, Mr. Sulton would have worked at JFK or LGA, then the inescapable conclusion is that Mr. Sulton would have worked at any FAA air traffic controller job location within FAA's Eastern Region, which includes Washington, DC. Mr. Sulton then meets the third test of Title VII's specific venue requirement.

Finally, if Defendant has any evidence showing Mr. Sulton would have worked at JFK or LGA, then Defendant should produce this evidence now to aid the Court as it considers the venue issue presented by Defendant. If Defendant produces this evidence, then Mr. Sulton will withdraw his opposition to transfer to New York. If Defendant has no such evidence, then the Court should deny Defendant's motion to dismiss or to transfer venue.

**Conclusion**

Based upon the foregoing, and the record in this case, Mr. Sulton informs the Court that if Defendant produces evidence showing, but for Defendant's unlawful employment practice, Mr. Sulton would have worked at JFK or LGA, then Mr. Sulton will agree to have this case transferred to the U.S. District Court for the Southern District of New York.

Dated this 2nd day of December 2007.

/s/Anne T. Sulton
Anne T. Sulton
Appearing Pro Hac Vice

Mailing Address:
Sulton Law Offices
Post Office Box 2763
Olympia, WA  98507
Telephone: (360) 870-6000

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that, on this 2nd day of December, 2007, I caused the foregoing **Plaintiff's Sur-Reply** to be served on Counsel for the Defendant by the Electronic Case Filing system.

OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorneys
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739
Counsel for Defendant

/s/Anne T. Sulton
Anne T. Sulton
Appearing Pro Hac Vice

Mailing Address:
Sulton Law Offices
Post Office Box 2763
Olympia, WA  98507
Telephone: (360) 870-6000

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES E. SULTON, III ) | |
|    Plaintiff, ) | |
| v. ) | Case: 1:07-cv-01470-EGS |
| THE HONORABLE MARY E. PETERS, ) | |
| SECRETARY OF TRANSPORTATION, ) | |
|    Defendant. ) | |

**ORDER**

UPON CONSIDERATION of Plaintiff's motion to file sur-reply to Defendant's Reply Memorandum Further in Support of Her Motion to Dismiss or, Alternatively, Transfer Venue, the grounds stated for, and the entire record herein,

IT IS HEREBY ORDERED Plaintiff's motion is GRANTED.

IT IS HEREBY FURTHER ORDERED that Defendant must produce by _____[date] evidence showing, but for Defendant's unlawful employment practice, Plaintiff would have worked at JFK airport or LGA airport located in New York City.

Dated: _____

                                                                     _____

                                                                    UNITED STATES DISTRICT JUDGE

cc:

Oliver W. McDaniel, Esq.
Assistant U.S. Attorney
United States Attorney's Office
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530

Francis H. Koh, Esq.
Koh Law Firm, LLC.
11406 Old Georgetown Road
North Bethesda, MD 20852

Anne T. Sulton, Esq.
Sulton Law Offices
P.O. Box 2763
Olympia, WA 98507



U.S. Department of Transportation
Federal Aviation Administration

Eastern Region
Human Resources Management Division

1 Aviation Plaza
JFK International Airport
Jamaica, NY 11434-4809

APR 0 2 2004

Mr. James Emile Sulton III
c/o Dr. James E. Sulton, Jr.
P.O. Box 2763
Olympia, WA 98507

Dear Mr. Sulton:

This is reference to our letter dated February 26, 2004. That letter contained a detailed summary of charges that could be a basis for finding you unsuitable for employment with the Federal Aviation Administration (FAA).

We have carefully considered the results of the FAA's Security and Hazardous Materials Division findings, other materials you gave to that Division, as well as the additional information provided in your reply dated March 9, 2004, and have taken the following actions:

- Found you unsuitable for the position of Air Traffic Control Specialist.
- Debarred you from competition for, or appointment to any position in the FAA until April 3, 2005. Upon expiration of this debarment period, you may reapply if eligible and a re-determination of your suitability for employment will be made at that time.
- Due to this unfavorable determination, your file is being referred to FAA's Aviation Careers Division, AMH-300, for a decision regarding your continuing eligibility for employment consideration from the AT-CTI-MARC/AFTI centralized inventory. AMH-300 will contact you by mail.

The basis for our proposed action was outlined in our letter dated February 26, 2004. You had the opportunity to comment in writing and/or submit affidavits concerning the information developed by the investigation. Our letter also provided you the opportunity to request the material considered in proposing our action.

en



3

You may reapply for an Air Traffic Control Specialist position at the end of the period of debarment. You will be given every consideration at that time, provided you meet all the qualifications, medical and security requirements of the position.

If you believe that this decision discriminates against you on the basis of your religion, race, color, sex, age, national origin, physical or mental handicap, you may file an Equal Employment Opportunity (EEO) complaint. You must contact the Office of Civil Rights for the FAA, either personally or in writing, within 45 calendar days of receipt of this action. The Office of Civil Rights is located at: FAA, Office of Civil Rights, 800 Independence Avenue S.W., Washington DC, 20591, ACR-1, (202) 267-3254.

Sincerely,

*Gloria Quay*

Gloria Quay
Manager, Human Resource
  Management Division, AEA-10



U.S. Department
of Transportation
**Federal Aviation
Administration**

Mike Monroney Aeronautical Center
Office of Human Resource Management
Aviation Careers Division

P.O. Box 25082
Oklahoma City, OK 73125-4901

MAY 04 2004

**CERTIFIED-RETURN RECEIPT**

Mr. James E. Sulton III
C/o Dr. James E. Sulton Jr.
P.O. Box 2763
Olympia, WA 98507

Dear Mr. Sulton:

Your name was referred for employment consideration as an air traffic control specialist to the Federal Aviation Administration (FAA) Eastern Region on referral list AEA-03-0041. Based on the suitability determination conducted by the Human Resource Management Division in the Eastern Region (AEA-10), you were found to be unsuitable for employment ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. On February 26, 2004, you were notified by mail of their proposed decision to remove your name from this referral list and provided 15 days to respond. Although you provided additional information, you were notified of their final decision that you were unsuitable for employment by a letter dated April 2, 2004. You were also advised that your suitability determination would be referred to this office for a decision regarding your continuing eligibility for employment consideration from the centralized inventory.

Based on a review of your application materials, the Office of Personnel Management (OPM) Access National Agency Check with Inquiries (ANACI), the additional information you submitted to the region, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ we are proposing to remove your name from the centralized inventory. As a result, you will no longer be eligible to be referred for employment consideration as an air traffic control specialist.

You have 30 days from the date of this notification to provide any additional information to be considered before a final decision is made. Your response should be sent to the following address:

Federal Aviation Administration
Mike Monroney Aeronautical Center
Aviation Careers Division, AMH-300
PO Box 26650
Oklahoma City, OK 73125

If additional information is submitted within the time limit, we will review your case. If no additional information is submitted, this proposal will become final. A final decision letter will be issued whether you submit additional information or not.

If you need additional information, you may contact Ms. Brenda Rogers, Personnel Management Specialist at (405) 954-6376.

Sincerely,

Susan Bounds, Manager
Aviation Careers Division, AMH-300