## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAMES E. SULTON, III,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Civil Action No.: 07-1470 (EGS)** |
| ) | |
| **MARY E. PETERS,** ) | |
| **Secretary, United States** ) | |
| **Department of Transportation**, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S SUR-REPLY
### IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
### OR, ALTERNATIVELY, TRANSFER VENUE
### AND SUPPLEMENTAL MEMORANDUM IN SUPPORT THEREOF

Defendant, Mary E. Peters, Secretary, United States Department of Transportation ("DOT"),

through counsel, the United States Attorney for the District of Columbia, respectfully submits this

response to Plaintiff's sur-reply in opposition to Defendant's motion to dismiss or, alternatively, to

transfer Plaintiff's Title VII claims and claims pursuant to 42 U.S.C. §§ 1981 and 1988 to New York,

and supplemental memorandum in support thereof. Plaintiff cannot establish any basis for venue

in the District of Columbia. Defendant accepts Plaintiff's invitation and herein establishes that

Plaintiff was under consideration for employment only in New York, a circumstance that should

prompt Plaintiff's promised consent to transfer this case to New York.

### ARGUMENT

While Plaintiff pays "lip service" to the fact that the burden rests on Plaintiff alone, he

nonetheless seeks to place the burden on Defendant to establish that venue is improper. However,

as noted in Defendant's opening motion to dismiss or, alternatively, transfer, when reviewing a Rule

12(b)(3) motion, "the court accepts plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." Darby v. Dep't of Energy, 231 F.Supp. 2d 274, 276 (D.D.C. 2002); see also Quarles v. General Investment & Dev. Co., 260 F. Supp. 2d 1, 8 (D.D.C. 2003). The Court, however, is not required to accept plaintiff's legal conclusions as true. Darby, 231 F. Supp. 2d at 277. Plaintiff bears the burden of establishing that he has initiated the action in the appropriate forum. See Freeman v. Fallin, 254 F. Supp. 2d 52, 56 (D.D.C. 2003). Defendant may prevail on a motion to dismiss for improper venue by presenting facts sufficient to "defeat" plaintiff's assertion of venue. Darby, 231 F. Supp. 2d at 277.

In the complaint filed in this case, as noted in Defendant's opening motion, Plaintiff affirmatively asserts that the position in question was based in or near Jamaica, New York. Compl. at ¶ 9; MTDT at 4. Likewise, as Defendant also noted in her opening motion, Plaintiff pled in the complaint that he filed in the Southern District of New York (SDNY) that "[a] substantial part of the events or omissions giving rise to the claims set forth herein occurred in the Southern District of New York." NY Compl. at ¶ 2; MTDT at 6. Given the deference given to well-pled allegations of a complaint, Plaintiff cannot establish a proper basis for venue by contradicting factual allegations set forth in not one, but two complaints filed by him. See Paley v. Estate of Ogus, 20 F.Supp.2d 83, 90 (D.D.C. 1998), citing Henthorn v. Department of Navy, 29 F.3d 682, 688 (D.C. Cir. 1994) ("factual allegations in briefs or memoranda of law ... may never be considered when deciding a 12(b)(6) motion, ... and most certainly may not be considered when the facts they contain contradict those alleged in the complaint.") (internal citations omitted); Fonte v. Board of Managers of Continental Towers Condo., 848 F.2d 24, 25 (2d Cir.1988) ("factual allegations contained in legal

briefs or memoranda are ... treated as matters outside the pleading for the purposes of Rule 12(b).");

Brand v. Westall, 1995 WL 235579, at *2 (D.D.C.1995) (stating that a motion to dismiss relying on

an unsupported factual assertion "is procedurally deficient, and that denial of the motion is warranted

solely for that reason.").

Moreover, the allegations that Plaintiff now finds convenient to advance, that he would have

been employed anywhere in the Eastern Region, are not supported by the evidence he offers and,

when considered in light of the evidence he does offer, do not establish that venue is appropriate in

the District of Columbia.  Plaintiff has submitted evidence showing only (1) where he applied to

work, that is, in the Eastern Region, (2) where his preference was for work, that is in New York and

(3) that a collateral consequence of his denied employment application was the inability to work for

the FAA at any location in the United States for one year.  None of these facts establish where he

would have worked but for the alleged discrimination.  If anything, these facts could be considered

circumstantial evidence that he would have worked in New York, since the Eastern Region

encompasses New York, and New York is where he expressed a preference to work.

However, the Court need not speculate about where he would have worked.  The

supplemental declaration of Patricia Healey, attached hereto, establishes that Plaintiff was being

considered for positions at one of two Air Traffic control facilities: the New York TRACON in

Westbury, New York or the New York air Route Terminal Control Center in Ronkonkoma, NY.

Declaration of Patricia Healey at 1.  Both the Westbury and Ronkonkoma locations appear to be on

Long Island, and in the Eastern District of New York.  So, Plaintiff's assumption that he was being

considered for a position anywhere in the Eastern Region is simply incorrect, and no basis for venue

in the District of Columbia exists.[1]

Plaintiff starts his Sur-Reply with the following bold statement:

Mr. Sulton will agree to transfer of [sic] venue to the U.S. District Court for the Southern District of New York, if Defendant produces evidence showing, but for Defendant's unlawful employment practice, Mr. Sulton would have worked at John F. Kennedy International Airport (JFK) or LaGuardia Airport (LGA).

While Defendant has not established that Plaintiff would have worked at either airport,[2] Defendant's

evidence, the declaration of Ms. Healey, clearly establishes that Plaintiff would have worked in New

York, not anywhere in the Eastern Region, but for the alleged discriminatory practice at issue in this

case.  Accordingly, Plaintiff should capitulate and consent to transfer, as promised, or this Court

should dismiss or transfer this case because venue is not appropriate in the District of Columbia.[3]

---

[1]  The supplemental declaration of Ms. Healey also establishes, contrary to Plaintiff's assertions in his opposition memorandum, that Ms. Quay resides or works in the District of Columbia.  This assumption likewise is incorrect.  As noted in the Declaration, Ms. Quay is retired from the FAA and resides in the State of New York. See Healey Dec. at 1.  So, her employment or residence in the Washington Metropolitan area is not a circumstance favoring the exercise of this Court's discretion to maintain venue in this District.

[2]  It is not clear that any entry-level positions were available at either airport.

[3]  In view of the additional evidence addressing where Plaintiff would have worked, Defendant modifies her motion to request transfer to either the Eastern or Southern District of New York.

## **CONCLUSION**

WHEREFORE, this Court should grant the Defendant's motion to dismiss or, alternatively, to transfer this case to either the Eastern or Southern District of New York.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

_____/s/_____
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorneys
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739

Counsel for Defendant

5

## CERTIFICATE OF SERVICE

I hereby certify that, on this 17th day of December, 2007, I caused the foregoing Defendant's

Response to Plaintiff's Sur-reply in Opposition to Defendant's Motion to Dismiss Or, Alternatively,

Transfer Venue and Supplemental Memorandum in Support Thereof to be served on Counsel for the

Plaintiff by the Electronic Case Filing system or, if this means fails, then by U.S. mail, postage

prepaid, addressed as follows:

Anne Thomas Sulton, Esq.
SULTON LAW FIRM
P.O. Box 2763
Olympia, WA 98507

Francis H. Koh, Esq.
Koh Law Firm, LLC.
11406 Old Georgetown Road
North Bethesda, MD 20852

_____/s/_____
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739

UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAMES E. SULTON | * | |
| | * | |
| v. | * | Civil Action No.07-1470 |
| | * | |
| MARY E. PETERS, | * | |
| Secretary, | * | |
| Department of Transportation | * | |

## DECLARATION OF PATRICIA HEALEY

I, Patricia Healey, affirm under penalty of perjury the following facts:

I am employed with the Federal Aviation Administration as Director, Human Resource Management Office, Eastern Region, located in Jamaica, New York.

I have been in the position of Director for approximately two years and have been employed with the Federal Aviation Administration for approximately 22 years.

In the year 2004 I was employed with the Federal Aviation Administration as Personnel Services Manager.

While in the position of Personnel Services Manager, I worked on the matter of James Sulton's application for the position of Air Traffic Control Specialist with the Federal Aviation Administration in the Eastern Region.

I am familiar with the matter of Mr. Sulton's employment suitability determination, which was made by Gloria Quay, former Manager, Human Resource Management Division.

Ms. Gloria Quay is now retired from the Federal Aviation Administration and residing in the State of New York.

At the time of Mr. Sulton's initial application for employment with the Federal Aviation Administration he had expressed interest in working anywhere in the Eastern Region, however at the time of his suitability determination he was only under consideration for two New York Air Traffic Facilities, the New York TRACON located in Westbury, New York, and the New York Air Route Terminal Control Center located in Ronkonkoma, New York.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 14, 2007.

Patricia Healey
Director
Human Resource Management Office
Federal Aviation Administration
Eastern Region
Jamaica, New York  11434

2