UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAMES E. SULTON**, **III**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 07-1470 (EGS) |
| ) | |
| **MARY E. PETERS**, ) | |
| **Secretary, United States** ) | |
| **Department of Transportation**, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S MEMORANDUM IN OPPOSITION TO
### PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT AND
### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
### OF DEFENDANT'S RULE 56(f) MOTION FOR DISCOVERY

The Defendant, through counsel, the United States Attorney for the District of Columbia, respectfully submits this memorandum of points and authorities in opposition to Plaintiff's motion for summary judgment and, alternatively, in support of her motion pursuant to Fed. R. Civ. P. 56 (f) for discovery of Plaintiff's claims and for a continuance of the Court's consideration of Plaintiff's motion for summary judgment. In support, Defendant relies on and incorporates by reference, as if fully set forth herein, her motion to dismiss or, alternatively, transfer (Docket document #8) and supporting memorandum and submissions.[1]

---

[1] Defendant believes that her motion to dismiss or, alternatively, transfer is fully dispositive of this case for purposes of litigation in the District of Columbia. Should the Court, nonetheless, decide to maintain venue in this District, Defendant requests the relief sought in this motion.

## INTRODUCTION

Defendant submits that the Complaint, to which Defendant has not filed an answer, seeks trial *de novo*, yet, together with his motion for summary judgment, Plaintiff seeks relief based on agency administrative proceedings and findings which are not binding on this Court. Essentially Plaintiff trumpets a favorable ruling of the U.S. Department of Transportation (DOT), Office of Civil Rights (DOCR) finding discrimination, but seeks reconsideration of the relief awarded through trial *de novo*, but without wanting to subject the substance of his claims to *de novo* litigation. Notwithstanding, Title VII does not authorize this type of claim. Plaintiff cannot now restrict his challenge to the nature of the relief awarded administratively and pursue the sort of hybrid relief he seeks in this court *de novo*, whereby he maintains the discrimination findings made by DOCR but attempts to obtain a more favorable remedy here in district court. To pursue trial *de novo*, Plaintiff must forego the favorable administrative decision he obtained.

## BACKGROUND SUMMARY

In his Complaint, Plaintiff advances a Title VII claim of discriminatory non-selection stemming from his application in 2003 for a Federal Aviation Administration ("FAA") air traffic controller position based in or near Jamaica, New York. Compl. ¶¶ 4, 9. In 2004, the FAA determined that Plaintiff was not suitable for the position because he did not pass a particular selection criteria and denied his application for employment. Id. at ¶ 11. The FAA allegedly advised others about its actions and barred Plaintiff from applying for the position of air traffic controller for a year. Id. at ¶ 18.

In November 2006, the DOT issued a final agency decision finding that Plaintiff had been discriminated against on the basis of race. Compl. at ¶ 23. As of May 2007, Plaintiff and the DOT were not able to reach an agreement about Plaintiff's damages. Id. at ¶ 25.

Plaintiff filed his complaint in this Court on August 13, 2007. Pacer Dkt. #1, U.S. District Court for the District of Columbia, 07-1470 (EGS). In his complaint, Plaintiff asserts claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and Section 1981, 42 U.S.C. § 1981 for discrimination based on his race. Compl. ¶¶ 26-36. Plaintiff requests trial by jury. Compl. at 7.

## ARGUMENT

**Summary Judgment Standards**

Summary judgment may be granted based upon the pleadings, supplemental affidavits, and facts developed during the administrative proceedings. *See Aka v. Washington Hospital Center*, 156 F.3d 1284, 1288 (D.C. Cir. 1998); *Molerio v. FBI*, 749 F.2d 815, 823 (D.C. Cir. 1984); *Chalk v. Secretary of Labor*, 565 F.2d 764 (D.C. Cir.), *cert. denied*, 435 U.S. 945 (1978). Where no genuine dispute exists as to any material fact, summary judgment is required. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A genuine issue of material fact is one that would change the outcome of the litigation. *Id*. at 247. "The burden on the moving party may be discharged by 'showing' – that is, pointing out to the [Court] -- that there is an absence of evidence to support the non-moving party's case." *Sweats Fashions, Inc. v. Pannill Knitting Company, Inc.*, 833 F.2d 1560, 1563 (Fed. Cir. 1987), quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (emphasis in original).

Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial. *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Thus, to avoid summary judgment, Plaintiff must have stated specific facts or present some objective evidence that would enable the court to find that he is entitled to relief. In *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the Supreme Court held that, in responding to a proper motion for summary judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of his case" to establish a genuine dispute. *Id*. at 322-23.

**Plaintiff's Claims Fail**

In the Complaint, Plaintiff does not set forth an independent factual basis for his claims, but relies upon the administrative findings of the DOCR in his pursuit of damages and additional relief. The Complaint, then, seeks to establish a right to relief through the use of the *favorable* aspects of the DOCR ruling while at the same time obtaining trial *de novo* as to other aspects of that ruling. Given how the Complaint is worded, the trial *de novo* he seeks could encompass *both* the question of what relief Plaintiff is entitled and the validity of the adverse findings by the DOT that Plaintiff was discriminated against in his non-selection in his case. Moreover, in structuring his claims, Plaintiff appears to misconstrue the distinction between civil actions to *enforce* a final agency decision[2] and trial *de novo*. Because the Complaint essentially seeks a trial *de novo* to obtain further relief from an administrative decision, Plaintiff is not entitled to summary judgment as a matter of law.

The error in the foundation of Plaintiff's lawsuit seeking *de novo* review and, consequently, his partial motion for summary judgment was explained by the court in *Simpkins v. Runyon*, 5

---

[2] Enforcement of final Commission decisions adopted by the Agency are permitted under 29 C.F.R. § 1614.503.

F.Supp.2d 1347 (N.D.Ga.1998). Faced with an agency finding of discrimination and an employee's attempt to obtain *de novo* review of the amount of compensatory damages, the court held that the employee was not entitled to limit *de novo* review to the issue of damages only. *Id.* at 1351. Significantly, the *Runyon* court came to this conclusion after analyzing a number of cases cited by plaintiff there in support of the opposite proposition. *Id.* at 1349-50 (analyzing and distinguishing *Girard v. Rubin*, 62 F.3d 1244 (9th Cir 1995); *Peckler v. Heckler*, 801F.2d 709 (4th Cir. 1986); and *Haskins v. United States Dept. of Army*, 808 F.2d 1192, 1199-1200 & n.4 (6th Cir. 1987), *cert. denied* 484 U.S. 815 (1987)).

Similarly, in *Cocciardi v. Russo*, 721 F.Supp 735 (E.D.Pa. 1989), the employee sought *de novo* review of discrimination claims only to the extent that administrative findings on remedies were adverse to him. Because, as here, the employee did not bring an enforcement action, the court held that a federal employee is not entitled to "fragmented" trial *de novo* on his discrimination claim so as to try only issues concerning remedy, but, rather, full trial *de novo* was mandated. *Id*. at 737. Plaintiff's attempt to fragment his trial *de novo* and the very basis for summary judgment in this instance is likewise unfounded. Accordingly, Plaintiff's motion for summary judgment should be denied.

As stated by the Court in *Herron v. Veneman*, 305 F.Supp.2d 64 (D.D.C. 2004), "a plaintiff is not entitled to a limited or fragmented trial de novo on damages without having to relitigate favorable findings on liability." *Id*. at 75 -77. "[A] plaintiff may not seek a limited de novo review of the remedy only while binding the agency to a previous finding of discrimination." *Id*. at 76. "A long line of cases, like [ *Moore v. Devine*, 780 F.2d 1559, 1563 (11th Cir.1986)], hold that a plaintiff challenging (not enforcing) a final agency determination on a Title VII claim must request a full trial

5

de novo, allowing a district court to determine damages and liability on its own." *Id.*, citing *Timmons v. White*, 314 F.3d 1229, 1233 (10th Cir.2003) ("[W]e believe that the better-reasoned cases hold that a plaintiff seeking relief under § 2000e-16(c) is not entitled to litigate those portions of an EEOC decision believed to be wrong, while at the same time binding the government on the issues resolved in his or her favor."); *Haskins v. Dep't of Army*, 808 F.2d 1192, 1199 (6th Cir.1987) (recognizing that a plaintiff is "entitled to a *de novo* hearing if requested" but that "the district court is not bound by the administrative findings."); *Gaffney v. Potter*, 2002 WL 1008460, at *6 (N.D.Ill. May 13, 2002) ("Allowing a review of only certain aspects of the agency's final decision would not constitute a trial *de novo*. Instead, it would more properly be considered an appeal of certain issues. The statute and regulations do not allow such a review."); *Simpkins v. Runyon*, 5 F.Supp.2d 1347, 1351 (N.D.Ga.1998) (finding that a federal plaintiff was either entitled to enforcement of an award or a "de novo, plenary trial on the merits"); *Cocciardi v. Russo*, 721 F.Supp. 735, 738 (E.D.Pa.1989) (finding that a plaintiff challenging a final agency must be granted "no more and no less than a 'trial *de novo*.' ").

More to the point, as the Court ruled in *Lagard v. England*, 240 F.Supp.2d 538 (E.D.Va. 2002), "[t]he Court is without jurisdiction to review plaintiff's compensatory damages award when plaintiff has already accepted the other relief granted at the administrative level." *Id.* at 545. The Court in *Legard* explained the rationale for this conclusion in the following discussion:

> A plaintiff who prevails at the EEOC level "may petition the [EEOC] for enforcement" of its decision, if the plaintiff believes "that the agency is not complying with the decision." 29 C.F.R. § 1614.503. Additionally, a plaintiff may either: "(1) file a civil action to enforce compliance with the order before or after an administrative petition for enforcement, or (2) file a de novo civil action on the underlying discrimination claim." *Clegg v. West*, 1997 WL 1168697 (E.D.Va. Oct.20, 1997) (Brinkema, J.) (citing 29 C.F.R. §§ 1614.408, 1614.503(g)).

> Defendant adopted the suggested remedies in the ALJ's final order dated November 9, 2001, and defendant satisfied the three injunctive portions of the relief by December 19, 2001. Defendant satisfied the other two awards-- compensatory damages and attorney's fees--after plaintiff filed the present action but before plaintiff had served defendant. Plaintiff returned the check for compensatory damages. Plaintiff has also offered to return the attorney's fees, received by his former counsel, or post bond if the fees earned by counsel are not returned. Plaintiff comes to the Court seeking de novo review of his claims when all of his awarded relief has been satisfied by payment or performance. **Plaintiff is unhappy with the way things turned out, though he received the relief he sought.**
>
> In *Miller v. Peters*, CA No. 00-480-A (E.D. Va. June 9, 2000) (Bryan, Jr., J.), plaintiff was awarded back pay, attorney's fees, and compensatory relief for findings of reprisal discrimination. Plaintiff accepted his awards for back pay and attorney's fees but rejected his compensatory damages award. *Id*. at 1-2. Subsequently, plaintiff filed a civil action seeking compensatory damages. *Id*. at 2. The Eastern District of Virginia dismissed plaintiff's claim for lack of subject matter jurisdiction. *Id*. at 3. In doing so, the court stated that, "[p]laintiff may only seek de novo review of the entire substantive discrimination claim and may not request review of the compensatory damages while accepting the other agency determinations." *Id*. at 2 (emphasis added).

*Id*. at 545 (emphasis added).

The same is true in this case. Plaintiff obtained an administrative finding of discrimination and an award. Plaintiff, in his Complaint, seeks relief not on the basis of freshly described factual statements and legal arguments, but rather based on the findings and conclusions of the DOCR, which ruled in his favor in part. No part of his Complaint and no part of his partial motion for summary judgment appears to be based on newly asserted causes of action. Like the Plaintiffs in *Herron* and *Legard*, Plaintiff here appears to advance some hybrid action, in which he rests his claims on the administrative proceedings, but seeks a fresh determination of damages. Such an action is beyond the jurisdiction of this court since neither Title VII nor the EEOC regulations afford such relief. Accordingly, summary judgment should be denied.

The Supreme Court aptly noted in *Chandler v. Roudebush*, 425 U.S. 840, 96 S.Ct. 1949 (1976),

> Nothing in the legislative history indicates that the federal-sector "civil action" was to have this chameleon-like character, providing fragmentary de novo consideration of discrimination claims where "appropriate," Ibid., and otherwise providing record review. On the contrary, the options which Congress considered were entirely straightforward. It faced a choice between record review of agency action based on traditional appellate standards and trial de novo of Title VII claims. The Senate committee selected trial de novo as the proper means for resolving the claims of federal employees.

*Id*. at 860-61; 96 S.Ct. at 1959-60. "Clearly one way of reading the regulations is that they provide for two forms of suit following a determination of the EEOC: the satisfied employee may sue to enforce if necessary, and the aggrieved employee may file a de novo suit under the antidiscrimination statute. If the regulations plainly so provide, in the absence of contrary binding authority, they control." *Williams v. Herman*, 129 F.Supp.2d 1281, 1283 (E.D. Ca. 2001), citing *Chevron, U.S.A., Inc. v. NRDC*, 467 U.S. 837, 104 S.Ct. 2778 (1984). Plaintiff is limited to the form of suit provided for by statute. Since he is plainly seeking an unauthorized form of relief, his partial motion for summary judgment is clearly without merit and should be denied.

**Rule 56 (f) Motion**

Since this is *de novo* litigation, Defendant should have the right to seek discovery and determine the facts before the Court makes a finding of liability. Rule 56(f) provides that a court "may refuse the application for **[summary] judgment** or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had, if it appears from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition." Messina v. Krakower, 439 F.3d 755, 762 (D.C. Cir.

2006) (emphasis added). "A party making a Rule 56(f) request must state concretely why additional discovery is needed to oppose a motion for **summary judgment**." Id. (citing Strang v. United States Arms Control & Disarmament Agency, 864 F.2d 859, 861 (D.C.Cir.1989)) (internal quotations omitted). (Emphasis added). "In order to claim that a motion for summary judgment is premature, a [party] must, under Federal Rule of Civil Procedure 56(f), 'file an affidavit explaining (1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort the affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts.'" Vento & Co. of New York v. Metromedia, 1999 WL 147732 ( S.D.N.Y. Mar. 18, 1999). A District Court's refusal to grant a Rule 56(f) request is reviewed under an abuse of discretion standard. See Messina, 439 F.3d at 762 (citing Novecon Ltd. v. Bulgarian-American Enter. Fund, 190 F.3d 556, 570 (D.C. Cir. 1999)). See also Doe v. United States, 821 F.2d 694, 697-98 (D.C.Cir.1987) ("While some of these witnesses have given testimony in the context of Plaintiff's EEOC complaint relating to his non-selection, the plaintiff is entitled to 'a fresh, independent determination of the "matter" at stake,' as 'the court's inquiry is not limited to or constricted by the administrative record, nor is there any deference due the agency's conclusion.' ").

   Although some discovery occurred at the administrative level, Counsel for the Defendant in this case has had no opportunity to conduct discovery. Declaration of Oliver W. McDaniel at ¶¶ 5, 7. While a finding of discrimination has been made by DOCR, the full meaning of this finding is not clear, and the Court is not bound by the finding. The administrative record reveals evidence that the deciding official was influenced by a positive illegal substance test that Plaintiff revealed during the application process for the Air Traffic Controller position. Id. at ¶ 4. This concern would appear to

9

be a legitimate non-discriminatory reason for a non-selection decision.  Thus, it appears that discovery will lead to evidence that will establish a genuine issue of material fact as to the reasons for Plaintiff's selection. Id. at ¶ 5.  Moreover, Counsel for the Defendant works in the District of Columbia whereas all witnesses work and reside in New York.  Counsel for the Defendant has had little, if any, opportunity to interview witnesses in person or to evaluate all the documentary evidence in the case, given the premature timing of the motion for summary judgment. Id. at ¶¶ 5, 7.

WHEREFORE, Defendant respectfully submits that Plaintiff's partial motion for summary judgment should be denied and that her Rule 56 (f) motion should be granted.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739 / (202) 514-8780 (Facsimile)

**CERTIFICATE OF SERVICE**

      I hereby certify that, on this 17th day of December, 2007, I caused the foregoing Defendant's Opposition Memorandum to Plaintiff's Motion for Summary Judgment and Rule 56(f) Motion for Discovery, and Memorandum of Points and Authorities in Support Thereof, Declaration and proposed order to be served on Counsel for the Plaintiff by the Electronic Case Filing system or, if this means fails, then by U.S. mail, postage prepaid, addressed as follows:

Anne Thomas Sulton, Esq.
SULTON LAW FIRM
P.O. Box 2763
Olympia, WA 98507

Francis H. Koh, Esq.
Koh Law Firm, LLC.
11406 Old Georgetown Road
North Bethesda, MD 20852

          /s/
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorneys
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739