UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES E. SULTON, III ) | |
|    Plaintiff, ) | |
| v. ) | Case: 1:07-cv-01470-EGS |
| THE HONORABLE MARY E. PETERS, ) | |
| SECRETARY OF TRANSPORTATION, ) | |
|    Defendant. ) | |

**PLAINTIFF'S RESPONSE TO COURT'S JANUARY 7, 2008 ORDER
RE TRANSFER OF CASE TO NEW YORK**

Mr. Sulton opposes transfer of his case to New York for the following reasons.

**1. Defendant has not been candid with the Court.**

On February 22, 2007, FAA attorney Chris Lewerenz, in opposing Mr. Sulton's request for damages, sent a brief to Defendant stating therein [please see Exhibit 1 attached hereto]:

> As a job applicant, there is no guarantee of a job at a certain time or in a certain place. At best, Complainant applied for a job somewhere in the FAA's Eastern Region – roughly the area between Buffalo and Long Island, New York, Richmond, Virginia, Charleston, West Virginia, and Pittsburgh, Pennsylvania. … The FAA's offer in settlement to place Complainant at Reading Tower was meant to address an operational need whilst settling litigation, and does not suggest that the position would have otherwise been offered to any of the CTI applicants such as Complainant.

Defendant now claims it would have hired Mr. Sulton into a different type of air traffic controller job (working in a centralized control facility rather than in an airport tower) and in New York. Defendant's claim is based upon the affidavit of the same FAA employee directly

1

involved in the denial of Mr. Sulton's job application. Her credibility is at issue because Defendant found unbelievable FAA's explanation for denial of Mr. Sulton's job application.

    **2.    Most of the key witnesses are located in Washington, D.C**.

Given the undisputed facts presented, one can reasonably infer therefrom that the final decision to deny Mr. Sulton's job application was made by the FAA Administrator in Washington, D.C. Previously filed in this case, and now attached hereto for the Court's convenience, are the letters written by Ventris Gibson, working in FAA's Washington, D.C. office. Ms. Gibson says: "My staff is working to address the concerns you have raised" and "Administrator Blakey asked me to respond on her behalf to your letters". [Please see Exhibit 2 attached hereto.] The FAA Administrator's Washington, D.C. office likely was prompted to review, and then ratified, the illegal initial decision to deny Mr. Sulton's job application because Mr. Sulton's direct appeal to FAA's Administrator was supported by letters, memos and/or E-mails written by three Congressmen and the Washington, D.C.-based National Association of Black Federal Aviation Employees.

Among the witnesses Mr. Sulton intends to call at trial are Marion Blakey, Ventris Gibson, FAA employee Mamie Mallory, DOT attorney Yvette Workman, and Lt. Col. Beverly Armstrong. All of these witnesses are based in Washington, D.C.

If the case is transferred to New York, then these witnesses would be beyond the subpoena power of that court. Certainly, videotaped depositions might be an option. However, live testimony is preferable and might be required by the judge to whom Mr. Sulton's case is assigned if the case is transferred to New York.

3. **Defendant Filed Rule 56(f) Motion.**

On December 17, 2007, Defendant filed a Rule 56(f) motion, seeking full discovery. [Docket #16, pages 8-10 and 11.] Because records and most witnesses already are in the District of Columbia, it is more efficient and less expensive to conduct discovery where the evidence is located.

Mr. Sulton does not agree with Defendant's assertion that full discovery on the issue of liability is necessary. Given the detailed and well reasoned Final Agency Decision issued by her office, it is clear Defendant's in-house attorney Yvette Workman is quite capable and competent. She thoroughly reviewed the liability issues, finding Defendant illegally discriminated against Mr. Sulton on the basis of his race.

Mr. Sulton disagrees with attorney Workman's damages decision. Full discovery on the damages issue is necessary.

**4.     Motion for Summary Judgment Pending.**

Now pending before this Court is Mr. Sulton's fully briefed motion for summary judgment on the issue of liability. Should the Court grant the motion for summary judgment, then remaining for trial only is the damages issue.

Many, if not all, of the key witnesses Mr. Sulton would call on the damages issue are located in Washington, D.C. The damages issue focuses on lost wages and benefits. Most, if not all, of the witnesses Mr. Sulton would call to testify on lost wages and benefits are located in Washington, D.C. because this is where the pay scale determinations are made.

**5.     Transfer Would Cause Unnecessary Delay.**

Transfer of this case to New York would cause further unnecessary delay in the resolution of this dispute. The New York courts too have very full caseloads. Transfer likely

would result in this case pending on a New York court's docket for at least a year and probably over two years. One of the risks of delay is the loss of witnesses.

      6.      **Finding an affordable attorney in New York is difficult.**

Mr. Sulton tried unsuccessfully to locate a New York-based lawyer, experienced with this type of litigation, to represent him without paying an initial retainer exceeding $10,000. Consequently, when he initially filed his case in New York, he filed it *pro se*.

Subsequently, I contacted several lawyers in New York to determine whether I could locate one willing to serve as local counsel for me, with me appearing *pro hac vice*. All lawyers I contacted required I pay their regular hourly rate for all services they provide.

I frequently represent clients in federal courts across the country appearing *pro hac vice*. In my experience, some judges require local counsel to review and sign every document filed with the court and to appear at all hearings. This substantially increases the costs of litigation. I have paid thousands of dollars to local counsel, even when the case quickly settles. I expect it would cost Mr. Sulton well over $20,000 for me to retain local counsel in New York should there be a trial in this case.

I was able to locate and retain the services of attorney Francis Koh, licensed to practice before this Court. Attorney Koh is serving as my local counsel. We were able to agree upon a financial arrangement Mr. Sulton can afford.

Should this case be transferred to New York, it is likely Mr. Sulton could not find a lawyer he can afford to pay. It might force him to abandon his case for lack of adequate financial resources.

**Conclusion**

For all of these reasons, and on the basis of the record in this case, Mr. Sulton respectfully requests this Honorable Court deny Defendant's motion to transfer venue.

Dated this 8th day of January 2008.

/s/Anne T. Sulton
Anne T. Sulton
Appearing Pro Hac Vice
Sulton Law Offices
Post Office Box 2763
Olympia, WA  98507
Telephone: (360) 870-6000

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that, on this 8th day of January 2008, I caused the foregoing **Plaintiff's Response** to be served on Counsel for the Defendant by the Electronic Case Filing system.

OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorneys
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739
Counsel for Defendant

        /s/Anne T. Sulton
        Anne T. Sulton
        Appearing Pro Hac Vice
        Mailing Address:
        Sulton Law Offices
        Post Office Box 2763
        Olympia, WA  98507
        Telephone: (360) 870-6000

        Attorney for Plaintiff

UNITED STATES OF AMERICA

BEFORE THE

U.S. DEPARTMENT OF TRANSPORTATION

| | |
|---|---|
| In the Matter of | * <br> * <br> *    Complaint No. DOT 2005-18301-FAA-01 <br> JAMES E. SULTON III,      * <br> Complainant.            * <br> * |

### FAA'S BRIEF IN REBUTTAL TO COMPLAINANT'S DAMAGES CLAIM

The Federal Aviation Administration ("FAA"), before the United States Department of Transportation, Departmental Office of Civil Rights, hereby submits its brief in rebuttal to Complainant's claim for damages:

**I Issue:**

Whether, and to what extent, Complainant is entitled to compensatory damages, attorney fees, or costs, after a finding of FAA liability for race and color discrimination in deeming Complainant unsuitable for the position of Air Traffic Control Specialist (ATCS)?

**II Statement of the Case:**

The November 22, 2006 Final Agency Decision found that the Agency (FAA) unlawfully discriminated against Complainant on the bases of race and color when it deemed him unsuitable for employment as an ATCS during the period April 2004 to April 2005. However, the Final Agency Decision dismissed Complainant's claim that he was unlawfully discriminated against by a proposal to remove his name from the centralized inventory list wherein he would not be

1

Further, Complainant bolsters his case by complaining that his record is stained – however, this claim has no merit. At worst, he was found unsuitable to apply, and it is only this "unsuitability" determination which was found to be unlawfully discriminatory. The unsuitability determination will be removed from FAA records – there will be no "stain" remaining.

Further undermining his claims is Complainant's proposition that he should have had a job since at least June 2004. There is absolutely no evidentiary support for this. As a job applicant, there is no guarantee of a job at a certain time or in a certain place. At best, Complainant applied for a job somewhere in the FAA's Eastern Region – roughly the area between Buffalo and Long Island, New York, Richmond, Virginia, Charleston, West Virginia, and Pittsburgh, Pennsylvania. There is absolutely no evidence that Complainant would have had an ATCS position even as of the date of this writing. There is no evidence that other CTI-Eastern Region applicants have been offered positions. The FAA's offer in settlement to place Complainant at Reading Tower was meant to address an operational need whilst settling litigation, and does not suggest that the position would have otherwise been offered to any of the CTI applicants such as Complainant. There was no basis to Complainant wanting in settlement a definite job, and certainly not one in California or in Florida.

Compensatory damages are intended to remunerate an individual for harm or injury, and may be awarded to a prevailing complainant for past pecuniary losses, future pecuniary losses, and nonpecuniary losses that are directly or proximately caused by the agency's discriminatory conduct.

Pecuniary losses are out-of-pocket quantifiable expenses. Complainant claims pecuniary losses in the form of postgraduate education costs. He claims he was "forced" to get a master's



U.S. Department
of Transportation
**Federal Aviation
Administration**

Assistant Administrator for
Human Resource Management

800 Independence Ave., SW.
Washington, DC 20591

JUN 7 2004

Anne T. Sulton, Ph.D., J.D.
Attorney At Law
P.O. Box 445
West Windsor, NJ 08550

Dear Ms. Sulton:

Thank you for your letter on behalf of your client Mr. James E. Sulton, III regarding his interest in employment as an air traffic control specialist with the Federal Aviation Administration.

My staff is working to address the concerns you have raised. However, given the complex nature of the subject, additional time is needed for a complete review of the issue. I will follow up with you on this matter within 30 days.

Sincerely,

Ventris C. Gibson
Assistant Administrator for
Human Resource Management



U.S. Department
of Transportation
**Federal Aviation
Administration**

Assistant Administrator for
Human Resource Management

800 Independence Ave., SW.
Washington, DC 20591

JUL **2 3** 2004

Anne T. Sulton, Ph.D., J.D.
Attorney At Law
P.O. Box 445
West Windsor, NJ 08550

Dear Ms. Sulton:

Thank you for your letter on behalf of your client Mr. James E. Sulton, III regarding his interest in employment as an air traffic control specialist with the Federal Aviation Administration.

My staff is continuing to work on addressing the concerns Mr. Sulton has raised. However, given the complex nature of the subject, additional time is needed for a complete review of the issue. I will follow up with you on this matter within 30 days.

Sincerely,

*Maryellen Dix*
for
Ventris C. Gibson
Assistant Administrator for
Human Resource Management



U.S. Department
of Transportation
**Federal Aviation Administration**

Assistant Administrator for
Human Resource Management

800 Independence Ave., SW.
Washington, DC 20591

SEP 2 2004

Anne T. Sulton, Ph.D., J.D.
Attorney At Law
P.O. Box 2763
Olympia, WA 98507

Dear Ms. Sulton:

Administrator Blakey asked me to respond on her behalf to your letters of May 12, 2004, and August 14, 2004, regarding your client, James E. Sulton, III. I apologize for the delayed response.

The final determination to find Mr. Sulton unsuitable for employment with the Federal Aviation Administration (FAA) rests solely with the Human Resource Management Officer, with no avenue of appeal. Because this matter has been submitted through the EEO Complaint process, and because you indicate the matter is under legal consideration, it is inappropriate for me to respond further at this time.

Thank you for your interest in the FAA.

Sincerely,

Ventris C. Gibson
Assistant Administrator for
Human Resource Management