UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAMES E. SULTON**, **III,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 07-1470 (EGS) |
| ) | |
| **MARY E. PETERS,** ) | |
| **Secretary, United States** ) | |
| **Department of Transportation**, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S REPLY MEMORANDUM TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, TRANSFER VENUE**

Defendant, Mary E. Peters, Secretary, United States Department of Transportation ("DOT"), through counsel, the United States Attorney for the District of Columbia, respectfully submits this reply memorandum to Plaintiff's Response to Defendant's Supplemental Memorandum in support of her motion to dismiss or, alternatively, to transfer Plaintiff's Title VII claims and claims pursuant to 42 U.S.C. §§ 1981 and 1988 to New York. Plaintiff has failed to establish a basis for venue in the District of Columbia. Plaintiff should not be rewarded for withholding arguments and playing fast and loose with allegations. Plaintiff's primary argument, which concerns venue, is unpersuasive and her remaining arguments, which amount to claims of inconvenience, are unavailing.

**ARGUMENT**

After what can only be described as a coy attempt to bate Defendant into either making a claim or backing off a claim, Plaintiff has now reneged on his commitment to agree to transfer venue to New York upon Defendant's offer of proof that the prospective job was in fact in New York and

now makes a *post hoc* argument that the government previously took the position that Plaintiff had applied for a position in FAA's Eastern Region.  However, Plaintiff does not rely on evidence in support of this position, but on the arguments of an agency attorney of the Federal Aviation Administration (FAA).  Defendant reiterates that the burden rests on Plaintiff to make well-pled factual allegations in support of his choice of venue.  As Defendant argues in her motion to dismiss or transfer, "the court accepts plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor."  Darby v. Dep't of Energy, 231 F.Supp. 2d 274, 276 (D.D.C. 2002); see also Quarles v. General Investment & Dev. Co., 260 F. Supp. 2d 1, 8 (D.D.C. 2003).  However, the Court is not required to accept Plaintiff's legal conclusions as true.  Darby, 231 F. Supp. 2d at 277.  Plaintiff's citation to opposing counsel's arguments are not well-pled factual allegations, only legal conclusions.

Moreover, it is clear, based on the context of the arguments of agency counsel cited by Plaintiff, that agency counsel's arguments are in response to a contrary position advanced by Plaintiff.  And, the Court should not forget that, most importantly, Plaintiff alleges in his Complaint that the position in question was "based in or near Jamaica, New York."  Compl. ¶ 9. Furthermore, in his New York complaint, Plaintiff made the same allegation that "in 2003, [he] applied for an FAA air traffic controller position based in or near Jamaica, New York."  Ex. 2, NY Compl., ¶ 10.  Now that Plaintiff has pushed the briefing of these issues well-beyond their common stages, Plaintiff invites the Court to ignore his well-pled factual allegations contained in his own complaints, one of which he chose to file in the very district to which this case should be transferred, and look to non-evidentiary legal arguments by agency counsel.  Plaintiff makes no factual allegations contrary

to the declarations filed by Defendant or contrary to the allegations of his own complaints, filed in this District and in New York. This Court should not overlook Plaintiff's well-pled factual allegations, which are consistent with the evidence offered by Defendant, and rely on the obviously mistaken arguments of agency counsel.

As reflected in Plaintiff's exhibits, Counsel for the Plaintiff, who is the mother of the Plaintiff, has enlisted a host of influential people and interacted with the highest levels of the FAA and the Department of Transportation (DOT) in order to achieve the desired outcome in this case. Not surprisingly, after this quite self-fulfilling undertaking by Plaintiff, headquarters officials got involved. However, as previously argued by Defendant, the location of the non-selection decision is the critical question. See Zughni v. Pena, 851 F.Supp. 300, 302-303 (N.D. Ill. 1994) (locale of MSPB decision is irrelevant to venue decision, versus the location of the unlawful employment practice). Plaintiff cannot establish venue in the District of Columbia merely because of a subsequent decision by the DOT Office of Civil Rights (DOCR) (located in Washington, D.C.) scrutinizing the propriety of the alleged unlawful employment decision. Donnell v. National Guard Bureau, 568 F. Supp. 93, 94 (D.D.C. 1983) (the actions of agency's personnel and EEO offices in D.C. do not place locus of acts in D.C.); see also Shipkovitz v. Mosbacher, 1991 WL 251864 at 7 (D.D.C. 1991) (agency's processing of EEO complaint in D.C. does not place locus of acts in D.C.). Accord, Darby v. Dep't of Energy, 231 F.Supp.2d 274, 277 (D.D.C. 2002) ("[V]enue cannot lie in the District of Columbia when 'a substantial part, if not all, of the employment practices challenged in this action' took place outside the District, even when actions taken in the District 'may have had an impact on the plaintiff's situation.' ") (quoting Donnell v. National Guard Bureau, 568 F. Supp. at 94).

Even assuming *arguendo* that Plaintiff could establish that venue was proper in the District of Columbia, which Defendant denies, Plaintiff cannot establish that the District of Columbia is a more convenient forum for this action. As previously noted, all of the witnesses with knowledge about the challenged employment action are located in New York. Plaintiff has identified several officials as witnesses whose prospective testimony he has failed to describe in detail. It appears, based on the very limited information provided by Plaintiff, that many of these witnesses were involved in processing Plaintiff's claim of discrimination. If this is the case, Defendant submits that it is speculative at best whether any of these witnesses, who appear to have no role in the alleged unlawful employment practice, would testify in this case. Plaintiff also asserts that some witnesses will be offered as to damages, specifically to establish the government pay scale. However, the applicable government pay scale is widely available, public information that is not disputed. No testimony on this issue would be necessary. Plaintiff should have not only identified his prospective witnesses, but also provided a summary of their testimony, given the importance of this information to a discretionary venue determination. See Barnett v. Kirby Inland Marine, Inc., 202 F.Supp.2d 664, 668 (S.D. Tex. 2002); Vaughn v. American Basketball Assn., 419 F.Supp. 1274, 1276-77 (S.D.N.Y. 1976) (it is the nature of the witness' testimony rather than their numbers which is important to a venue determination).

Plaintiff also claims that he would not be able to afford an attorney if the case were transferred to New York. However, his mother is capably litigating this motion from the State of Washington, and Plaintiff – who also resides in the same area – originally filed this action in the State of New York. Hence, Plaintiff would have access to an attorney after this case is transferred, and because both Plaintiff and counsel are litigating from afar, the District of Columbia is no more

convenient than New York. Under these circumstances, Plaintiff cannot establish that the interests of justice favor litigating this case in the District of Columbia. As stated by the Court in Southern Utah Wilderness Alliance v. Norton, 315 F.Supp.2d 82 (D.D.C. 2004) (SUWA), "Courts give considerable deference to the plaintiff's choice of forum. . . . That deference, however, is lessened when plaintiff's forum choice 'lacks meaningful ties to the controversy and [has] no particular interest in the parties or subject matter.' " Id. at 86-87, quoting Islamic Republic of Iran v. Boeing Co., 477 F.Supp. 142, 144 (D.D.C.1979) (other citations omitted)). Accord, Trout Unlimited v. United States Dep't. of Agriculture, 944 F.Supp. 13, 16 (D.D.C. 1996). Such is the case here, as the District of Columbia has little interest in alleged employment discrimination that occurred in New York. "Although extensive involvement by headquarters has, in some instances, been held to justify keeping a case in this jurisdiction, see Wilderness Soc'y v. Babbitt, 104 F.Supp.2d 10, 14 (D.D.C.2000) (denying motion to transfer to Alaska in part because of the Secretary's 'heavy involvement' in the [Department of Interior's (DOI's)] review of the impact of oil and gas leasing on the environment, including his visit to Alaska for six days in order to meet with residents and government and industry officials and his signing and public briefing of the decision in Washington, D.C.), '**mere involvement on the part of federal agencies, or some federal officials who are located in Washington, D.C., is not determinative.**' Shawnee Tribe v. United States, 298 F.Supp.2d 21, 25-26 (D.D.C. 2002)." SUWA, 315 F.Supp.2d at 87 (emphasis added). See also Cameron v. Thornburgh, 983 F.2d 253 (D.C. Cir. 1993) ("Courts in this circuit must examine challenges to personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia. By naming high government officials as defendants, a plaintiff could bring a suit here that properly should be pursued elsewhere.")).

Usually, choice of counsel or the availability of counsel has little weight in a discretionary choice of venue analysis. See Armco Steel Co., L.P. v. CSX Corp., 790 F.Supp. 311, 324 (D.D.C. 1991) (location of counsel carries little weight); Islamic Republic of Iran v. Boeing Co., 477 F.Supp. at 143-44 (inconvenience experienced by counsel "of minor, if any, importance under § 1404(a)"). See also James v. Valvoline, Inc., 159 F.Supp.2d 544, 554 (S.D. Tex. 2001) (location of counsel given some weight).  This is not a case involving an impecunious Plaintiff who is incarcerated and has access to counsel only in his chosen venue. Cf. Miller v. National Broadcasting Co., 143 F.Supp. 78, 80-82 (D. Del. 1956) (all factors weighing equally for and against transfer, " . . . no court would ever find transfer to a forum which is financially out of reach of an impecunious plaintiff to be in the 'interest of justice.' "), quoting Cinema Amusements, Inc., v. Loew's Inc., 85 F.Supp. 319, 326, 327 (D. Del. 1949).  Furthermore, all factors in this case clearly weigh in favor of venue in New York.

## **CONCLUSION**

WHEREFORE, Defendant again respectfully submits that her motion to dismiss or, alternatively, to transfer should be granted.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739 / (202) 514-8780 (Facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 10th day of January, 2008, I caused the foregoing Defendant's Reply to Plaintiff's Response to Defendant's Supplemental Memorandum in Support of Her Motion to Dismiss Or, Alternatively, Transfer Venue, to be served on Counsel for the Plaintiff by the Electronic Case Filing system or, if this means fails, then by U.S. mail, postage prepaid, addressed as follows:

Anne Thomas Sulton, Esq.
SULTON LAW FIRM
P.O. Box 2763
Olympia, WA 98507

Francis H. Koh, Esq.
Koh Law Firm, LLC.
11406 Old Georgetown Road
North Bethesda, MD 20852

/s/
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739