UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                    )
JAMES E SULTON, III,                )
                                    )
            Plaintiff               )
                                    )
       v.                           )   Civil Action No. 07-1470(EGS)
                                    )
MARY E. PETERS,                     )
SECRETARY OF TRANSPORTATION,        )
                                    )
            Defendant.              )
_____)
```

**MEMORANDUM OPINION**

This case arises out of plaintiff's claim of unlawful discrimination on the basis of race against the Federal Aviation Administration ("FAA"). Pending before the Court is defendant's Motion to Dismiss for improper venue or in the alternative to transfer this case to the Southern District of New York. For the reasons articulated herein, defendant's Motion to Dismiss is **DENIED** and defendant's Motion to Transfer is **GRANTED**.

I.   BACKGROUND

Plaintiff is an African-American man who applied for an FAA air traffic controller position based in or near Jamaica, New York. Compl. ¶ 9. After being denied a job, plaintiff timely filed a formal complaint of discrimination with the Department of Transportation ("DOT"), "alleging race discrimination for non-selection as an air traffic controller for a position located in or near Jamaica, New York, and requesting relief and recovery

for damages suffered as a result of the FAA's acts which give rise to this suit." Compl. ¶ 7.  On November 16, 2006, DOT issued a final agency decision finding that plaintiff had been discriminated against on the basis of race, however plaintiff and the agency were not able to agree on damages.  *Id.* ¶¶ 23, 24. Plaintiff then filed this action seeking "damages for his losses due to the illegal discriminatory actions of Defendant." *Id.* ¶ 25.

Plaintiff asserts claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and Section 1981, 42 U.S.C. § 1981 for discrimination based on his race. Compl. ¶¶ 26-36. He alleges, *inter alia*, that Defendant's alleged actions have resulted in lost compensation, lost opportunities for career advancement, and harm to his career and reputation. *Id.* ¶ 36. Plaintiff seeks declaratory judgment, compensatory and punitive damages, attorney's fees and costs. *Id.*

Defendant filed a motion to dismiss for improper venue or in the alternative to transfer this case to the Southern District of New York.  Defendant maintains that venue is proper in New York because the FAA's Jamaica, New York office is where plaintiff applied for a job, as well as where the relevant conduct took place and where plaintiff's personnel records are administered and maintained.  Def.'s Mot. at 4.

**II. STANDARD OF REVIEW**

When ruling on a 12(b)(3) motion, "the court accepts plaintiff's well-plead factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." *Darby v. Dep't of Energy*, 231 F. Supp. 2d 274, 276 (D.D.C. 2002); *see also Quarles v. General Investment & Dev. Co.*, 260 F. Supp. 2d 1, 8 (D.D.C. 2003). The Court, however, is not required to accept plaintiff's legal conclusions as true. *Darby*, 231 F. Supp. 2d at 277. Plaintiff bears the burden of establishing that he has initiated the action in the appropriate forum. *See Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003). Defendant may prevail on a motion to dismiss for improper venue by presenting facts sufficient to "defeat" plaintiff's assertion of venue. *Darby,* 231 F. Supp. 2d at 277.

The statutory scheme in Title VII has a special venue provision which specifies four bases for venue:

> Such an action may be brought in any judicial district in the State **[1]** in which the unlawful employment practice is alleged to have been committed, **[2]** in the judicial district in which the employment records relevant to such practice are maintained and administered, or **[3]** in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but **[4]** if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3) (numbering and emphasis added).

Plaintiff contends he has established proper venue in the District of Columbia under each of these criteria. Pl.'s Opp'n at 11. As to the first basis, he alleges that though the initial unlawful employment decision was made in New York, he sought review of that decision by sending letters to the head of the FAA in Washington, DC. *Id.* at 10. He also had several members of Congress contact the FAA on his behalf in an attempt to have the decision reversed. *Id.* Because these efforts were unsuccessful, he claims that the FAA in Washington, DC "ratified" the unlawful employment decision such that the "final decision" to deny Mr. Sulton a job was made here. *Id.* at 11.

With regard to the second criterion for venue, plaintiff claims that the relevant personnel records are available in Washington, DC, though he concedes they are also in New York. Pl.'s Opp'n at 11. Under the third basis, he contends that it's not clear where he would have worked but for the unlawful practice because he applied for a job in the entire "Eastern Region" which includes Washington, DC. *Id.* at 12. As such, plaintiff contends that it is "possible" that he could have worked in the District of Columbia, if the FAA had not discriminated against him. Finally, plaintiff argues that because the FAA's principal office is located in Washington, DC, venue is appropriate in this Court under the fourth basis as

4

well.

   Defendant argues that plaintiff can satisfy none of the four possible criteria for laying venue in this district. The Court agrees and finds that defendant has presented facts sufficient to "defeat" plaintiff's assertion of venue. *See Darby,* 231 F. Supp. 2d at 277. The relevant conduct took place in Jamaica, New York, where plaintiff applied for a job and where he contends the alleged discrimination occurred. Compl. ¶¶ 7, 9. The Court finds that because the unlawful decision was made in New York, the fact that no one in the District of Columbia acted affirmatively on plaintiff's requests to change that decision is immaterial. Second, records pertaining to this matter are not maintained in the District of Columbia, but rather they are located in the FAA Eastern Region Office in Jamaica, New York. Def.'s Mot, Exhibit 3, Declaration of Patricia Healey, November 20, 2007. Third, plaintiff sets forth no facts or assertions that his place of employment, but for the alleged discriminatory act, would have been in Washington, D.C., as opposed to Jamaica, New York. Indeed, he asserts that the position was "based in or near Jamaica, New York." Compl. ¶ 9.[1]

   Finally, even though plaintiff is correct that the FAA's

---

[1] At plaintiff's request, defendant provided an affidavit asserting that at the time of plaintiff's suitability determination, he was only under consideration for employment at two New York Air Traffic Facilities. *See* Def.'s Resp., Exhibit 1, Supplemental Declaration of Patricia Healey, December 14, 2007.

headquarters is located in Washington, DC, plaintiff cannot support venue in this district under the fourth basis in the statute either.  The fourth basis for venue is applicable only in situations where the agency "may not be found within the judicial district that is the locus of the alleged discrimination." *Darby*, 231 F. Supp. 2d at 278.  The FAA is certainly found in the Southern District of New York, as is detailed above, and the plaintiff does not argue to the contrary.

Furthermore, because plaintiff's claims under 42 U.S.C. § 1981 are also governed by the special venue provision of Title VII, see *James v. Booz-Allen*, 227 F. Supp. 2d 16, 21 (D.D.C. 2002), this district is not the appropriate venue for that claim either.

Thus, under the venue provisions of Title VII, and for purposes of plaintiff's discrimination claims, the Southern District of New York is the appropriate jurisdiction for judicial review of plaintiff's case.  The Court finds that it is in the interest of justice that plaintiff's case be transferred to the Southern District of New York rather than be dismissed.  *See* 28 U.S.C. § 1406(a); *Varma v. Gutierrez*, 421 F. Supp. 2d 110, 115 (D.D.C. 2006)(transferring case to proper jurisdiction rather than granting motion to dismiss for improper venue).

Accordingly, defendant's Motion to Dismiss is **DENIED** and defendant's Motion to Transfer is **GRANTED**. An appropriate Order

accompanies this Memorandum Opinion.


**Signed:**   **Emmet G. Sullivan**
              **United States District Judge**
              **February 1, 2008**